386 So.2d 914 (1980)
STATE of Louisiana
v.
Carey CORAN.
No. 66489.
Supreme Court of Louisiana.
June 23, 1980.
*915 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Abbott J. Reeves, Stephen T. Wimberly, Asst. Dist. Attys., for plaintiff-relator.
Phillip L. Kitchen, New Orleans, for defendant-respondent.
CALOGERO, Justice.
We granted the state's application for writs in this case to determine whether the district court erred in setting aside a bond forfeiture on the ground that the notice requirements of R.S. 15:85 had not been complied with. We now conclude that the trial court was correct. The writ is therefore recalled, and the judgment setting aside the forfeiture affirmed.
Carey Coran was arrested for possession of heroin with intent to distribute. On February 6, 1979 bond was set at $20,000. Cottonbelt Insurance Company, respondent herein, through its agent, a Mr. P. Altobello, posted bond as surety on behalf of Coran. Coran failed to appear for arraignment on March 9, 1979. On March 14, 1979 a judgment was rendered against Coran as principal and Cottonbelt Insurance Company as surety, forfeiting the bond. On March 19, 1979 personal service of the notice of the bond forfeiture was purportedly made upon Cottonbelt at 213 So. White Street, New Orleans, Louisiana. No other service of notice of the judgment of forfeiture was made or attempted.
R.S. 15:85 provides the procedure for forfeiture of bonds in the district court. After a defendant fails to appear at the time fixed, and after the hearing of proper evidence including service or attempted service upon defendant and the surety, a judgment shall be entered decreeing the forfeiture of the bond against the defendant and his surety. Notice of the forfeiture must be mailed to the surety as follows:
"... After hearing the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture to the surety on the bond whose address is on the face thereof and shall execute an affidavit of the mailing and place it in the record. A copy of the notice also shall be mailed to the agent of the surety who posted the bond. Mailing the notice to the agent alone shall not constitute compliance with this Section. . . ." R.S. 15:85.
At the hearing on the motion to set aside the bond forfeiture, Cottonbelt argued that the service of notice of forfeiture at 213 So. White Street was service at the office of, and therefore upon, the agent for the surety and not upon the surety itself as required by the statute. Cottonbelt argued that the address on the face of the bond for the surety was Suite 304, 10001 Lake Forest Boulevard, New Orleans and that the address at which service was made, 213 So. White Street, was that of the agent for the surety.
As it appears in the record, the bond form proper bears only one address213 So. White Street. That address appears adjacent to the name of the agent for the surety, P. Altobello, and not on the line next to the entry "Cottonbelt Insurance." That line is left blank.[1] A power of attorney which was attached to the bond, however, and which authorizes the agent for Cottonbelt to act on its behalf is an executed printed form which bears the Lake *916 Forest address.[2] Cottonbelt argues that the power of attorney upon which the Lake Forest address appears was and is attached (stapled) to the front of the bond, and thus the Lake Forest address "is on the face thereof." The state, on the other hand, contends that the only address which appears on the face of the bond is 213 So. White Street and that service at that address constitutes full compliance with R.S. 15:85.
Although the copy of the bond which appears in the state's application for writs does not have the power of attorney attached, Cottonbelt in brief and in oral argument represents that the original of the bond in possession of the Clerk of Court for the Twenty-Fourth Judicial District Court has the power of attorney stapled to the front of the bond. The state effectively concedes that the original bond has the power of attorney stapled or attached to the front of the bond, for it does not deny that this is the case; rather the state makes arguments notwithstanding.
Under R.S. 15:85 the requirements for notice of a judgment of forfeiture of a bond are quite specific. Notice of the forfeiture must be sent to the surety whose address appears on the face of the bond and a copy of the notice must be sent to the agent of the surety who posted the bond. The statute specifically provides that notice to the agent alone shall not constitute compliance with the statute. The statute clearly contemplates the mailing of two notices of the forfeiture of the bond.[3]
In the instant case the only notice of forfeiture of the bond was to the address which appeared near the bottom of the bond form adjacent to the name of the agent for the surety213 So. White Street. And while the address of Cottonbelt did not appear on the line adjacent to its name near the bottom of the bond form, the address of its home office was clearly evident on the power of attorney attached to the front of the bond. The fact that the address of the surety appeared only on the attached power of attorney and not on the bond form adjacent to its name does not excuse the state from complying with the requirement that both the surety and the agent be mailed notice of the forfeiture of the bond at the addresses which appear on its face.
Although not argued in its application for writs or in its brief, the state in oral argument contended that it did in fact serve the surety on the bond and not just its agent, for the power of attorney attached to the bond authorized the agent to act as surety. By virtue of the power of attorney, the agent was the surety on the bond, it contends.
*917 This argument is without merit. The power of attorney attached to the bond only authorizes the agent to act for the surety in posting the bond; it does not make the agent the surety for purposes of the bond. The power of attorney specifically limits the agent to act on its "behalf" in posting appearance bonds.[4] The distinction between an agent acting on behalf of a surety under a power of attorney and the surety itself is recognized in R.S. 15:85's requirement that the surety as well as the agent on the bond be notified of a judgment forfeiting the bond and that notice to an agent alone is not sufficient.
Because notice of the bond forfeiture was not served upon the surety, Cottonbelt, whose address at Suite 304, 10001 Lake Forest Boulevard, New Orleans, Louisiana 70127 appears on the face of the bond, Cottonbelt's motion to set aside the bond forfeiture was properly granted.

Decree
For the foregoing reasons the judgment of the district court setting aside the bond forfeiture is affirmed.
AFFIRMED.
NOTES
[1] The following is a facsimile of the bottom portion of the photostat of the bond as it appears in the record:

"... and shall not depart without the leave of the said Court, until the final trial and conviction or acquittal of the said Carey P. Coran and shall keep the peace in the meantime, then this recognizance to be void; otherwise to remain in full force and effect.
(s) Carey Coran 7201 S. Racine 
____________________ Chicago, Ill. 
____________________ 60636 
(s) Cotton Belt Ins. _______________________
(s) P. Altobello 213 S. White 
____________________ New Orleans, La. 70019"

[2] 
[3] We do not have to decide here what the law means, or how it applies, in the situation in which there does not appear on the face of the bond any address other than the agent's.
[4] The power of attorney provides that Cottonbelt "by these presents does make, constitute and appoint the below named agent its true and lawful Attorney-in-Fact for it and its name, place and stead, to execute, seal and deliver for and on its behalf and as its act and deed, as surety, a bail bond only. ..."