491 So.2d 361 (1986)
STATE of Louisiana
v.
Hardhead SALGOLOGO.
No. 86-KK-0114.
Supreme Court of Louisiana.
June 23, 1986.
Rehearing Denied September 4, 1986.
Graymond F. Martin, Smith, Martin & Blackburn, New Orleans, for defendant-applicant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Michael McMahon, William A. Marshall, Asst. Dist. Attys., for respondent.
COLE, Justice.
This case involves an application by Allied Fidelity Insurance Company (hereinafter "Allied") challenging judgments of the lower courts permitting the forfeiture of the bail bond guaranteeing the appearance of the defendant (hereinafter "Salgologo"). We granted writs to decide whether or not the state complied with the forfeiture procedure outlined in La.R.S. 15:85.[1] Specifically, we are to decide whether or *362 not the state's actions satisfied the pre-forfeiture notice requirement contained in La. C.Cr.P. art. 337.[2] 482 So.2d 621 (La.1986).

FACTS
Salgologo and his co-defendant Ricardo Hernandez were charged by bill of information on April 26, 1984 with the unlawful possession of cocaine. The following day their cases were allotted and the trial court set bail at $10,000.00 for each defendant. At this time Salgologo filed a commercial surety bond dated April 6, 1984 in the required amount. The bond was written by Allied (i.e., the surety) through its local agent Stephen Ghergich. It did not fix the appearance date.
Arraignment for both defendants was set for May 11, 1984. Prior to arraignment, the state issued subpoenas directed to Salgologo and the bondsman/agent, Ghergich. The state did not mail written notice to Allied informing it of the appearance date. On May 11, 1984 Salgologo failed to appear and on motion of the state the trial court ordered a bond forfeiture hearing to be set for May 24, 1984.
After the hearing the trial court granted the state's motion and signed a judgment of bond forfeiture against Salgologo and Allied in solido for the full amount of the bond. The clerk of court executed an affidavit of bond forfeiture on June 12, 1984. Subsequent to the ordered forfeiture, the trial court on July 24, 1984 ruled favorably to the defendants on their motion to suppress. On August 2, 1984 the state through an assistant district attorney entered a nolle prosequi to the charges pending against both defendants. The trial court ordered both defendants released.
In May of 1985 the state undertook proceedings to enforce the bond forfeiture judgment. In response Allied filed a motion to set aside the judgment arguing (1) the state had failed to comply with the pre-forfeiture notice requirement of Article 337, and (2) the state's nolle prosequi of the charges relieved it of any obligation on the bond.[3] The trial court denied Allied's collateral attack on the judgment of forfeiture. The court of appeal denied writs finding on the showing made there was no error.

DECISION ON THE MERITS
Generally, the surety underwriting the bond guarantees a defendant will appear at all stages of the proceedings, will submit himself to the orders and process of the court and will not leave the state without permission of the court. La.C.Cr.P. art. 330 (1967). Should a defendant fail to comply with any of the conditions of the bond undertaking, the bond may be forfeited by order of the court.
The procedure for forfeiture of bond is set forth in Section 85. Basically, after a breach of the bond conditions has occurred, the court, on motion of the state, is required to hold a hearing to determine if the prerequisites to forfeiture have been met. The critical question for resolution is whether the state has provided the requisite notice as outlined in Article 337. The court must determine in the situation where the appearance date is not set in the *363 bond that the state has mailed or delivered notice of the appearance date to the surety.
This Court has held bond forfeitures are not favored and before a judgment of forfeiture may be entered the state must comply strictly with the provisions of Section 85 and Article 337. State v. Hathaway, 403 So.2d 737 (La.1981); State v. DeLa-Rose, 391 So.2d 842 (La.1980). It is undisputed the state did not comply with the requirements of Article 337. The state admitted it did not mail or deliver the pre-forfeiture notice to Allied, but instead only mailed subpoenas to the defendant and the bondsman/agent.
Contending its actions were in compliance with Section 85 and Article 337, the state argues under the general law of agency notice to the agent (i.e., Ghergich) is in fact notice to the principal (i.e., Allied).[4] This argument was rejected by this Court in State v. Coran, 386 So.2d 914 (La.1980). Coran involved a similar situation, the difference being it dealt with post-forfeiture notice and not pre-forfeiture notice, as here. There the clerk of court sent notice of the bond forfeiture to the bondsman/agent only rather than to the surety and the bondsman/agent as required by Section 85. In interpreting the statute, this Court held in order for the forfeiture to be valid both the surety and the bondsman/agent must receive the post-forfeiture notice. (There is no requirement for pre-forfeiture notice to the bondsman/agent.) The thrust of the reasoning was notice to the agent could not be imputed to the principal/surety where the statute expressly mandates notice directly to the principal/surety.
The relevant codal and statutory provisions mandate the state to furnish notice of the appearance date to the surety.[5] Since the state failed to send notice to Allied, the judgment of forfeiture is absolutely null. La.C.Cr.P. art. 337; Coran, supra. Allied is therefore relieved of liability on its bond for Salgologo's failure to appear at the May 11th arraignment. Accord State v. Toal, (Docket No. K-4829) (La.App. 4th Cir.1986).

DECREE
For the reasons assigned, the judgments of the lower courts are reversed and the judgment of forfeiture is annulled.
REVERSED.
NOTES
[1] Section 85 provides in part:

A. All bonds taken to secure the appearance of any person before any district court...shall be forfeited and collected as follows:
(1) If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence, including notice to the defendant and the surety, if such is required by Code of Criminal Procedure Art. 337, shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof. After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture ... to the surety on the bond... A copy of the notice also shall be mailed to the agent of the surety who posted the bond. Mailing of the notice to the agent alone shall not constitute compliance with this Section....
La.R.S. 15:85(A)(1) (Supp.1986) (Emphasis added).
[2] Article 337 provides in part:

When a bail bond does not fix the appearance date, and the presence is required of a person who has been released on bail in a felony case, his surety shall be given written notice of the time, date, and place the principal is required to appear. The notice shall be delivered to the surety by an officer designated by the court, at least two days prior to the day set for the appearance, or may be mailed to the surety at least three days prior to the day set for the appearance. When a bail bond fixes the appearance date, no additional notice is required.... Failure to give notice, as required by this Article, relieves the surety from liability on a judgment of forfeiture for the defendant's nonappearance on that particular date.
La.C.Cr.P. art. 337 (Supp.1986) (Emphasis added).
[3] Because of this Court's ruling on the issue of pre-forfeiture notice we find it unnecessary to address the effect of the nolle prosequi on the bond obligation. For a discussion of this issue see State v. Lutze, 441 So.2d 1297 (La.App. 2d Cir.1983), reversed on other grounds 452 So.2d 165 (La.1984).
[4] While it is hornbook law the knowledge of the agent is imputed to the principal, see for example Marpco, Inc. v. South States Pipe & Supply, 377 So.2d 525 (La.App. 3d Cir.1979), this general rule of law applicable to agency relationships has no application where the legislature has made a specific pronouncement requiring notice directly to the principal.
[5] We express serious reservations about the wisdom of the requirement that the surety be given notice of the appearance date as a precondition to forfeiture. In operation, the bondsman/agent is solely responsible for locating, apprehending, extraditing and surrendering the defendant. Based on this practical allocation of responsibilities, it cannot be doubted it is the bondsman/agent rather than the surety which is in the best position to insure the appearance of the defendant. This situation is particularly true when an out of state surety is involved. When the out of state surety is given notice of the appearance date, it in turn notifies the local bondsman. This is unwarranted. Notice should be to the person in the best position to prevent a breach of the bond condition. However, this Court is bound by the specific and unambiguous legislative pronouncements.