504 So.2d 1160 (1987)
STATE of Louisiana
v.
David L. ROBINSON.
No. 86-CA-641.
Court of Appeal of Louisiana, Fifth Circuit.
March 16, 1987.
*1161 John M. Mamoulides, Dist. Atty., Dorothy A. Pendergast, Asst. Dist. Atty., Office of the Dist. Atty., Gretna, for plaintiff-appellee.
Graymond F. Martin, New Orleans, for defendant-appellant.
Before CHEHARDY, GRISBAUM and DUFRESNE, JJ.
DUFRESNE, Judge.
This case involves an application by South Central Insurance Company challenging a judgment of the trial court permitting the forfeiture of the bail bond guaranteeing the appearance of the defendant.
Robinson and his co-defendant Washington, were charged by bill of information on February 15, 1984 with possession with intent to distribute cocaine. Prior to the filing of the bill of information, bail was set (on December 13, 1983) in the sum of $9,000.00. Robinson subsequently obtained a commercial surety bond in the required amount. The bond was written by South Central Insurance Company (the surety) through its attorney-in-fact, Irma Morrison. The bond did not fix the appearance date.
Arraignment was set for March 14, 1984. Prior to arraignment, the state issued subpoenas directed to Robinson, whose subpoena was returned unserved and to South Central Insurance Company who was served at 3330 Canal Street, New Orleans. The defendant failed to appear for the arraignment, and it was continued and reset for May 2, 1984. Subpoenas were again issued to South Central at its Canal Street address and to Robinson. The sheriff was again unable to serve Robinson. On May 2, 1984, Robinson failed to appear and on motion of the state, the trial court ordered that the bond be forfeited and that an attachment be issued on defendant. The clerk of court subsequently mailed a copy of the judgment of bond forfeiture to South Central at its Canal Street address and its Bunkie address, David Robinson, the district attorney and the Insurance Commissioner. A "Certificate of Mailing Judgment of Bond Forfeiture" is contained in the record. On April 17, 1986, a Motion to Set Aside Judgment of Bond Forfeiture/Petition for Nullity of Judgment was timely filed. A hearing on the motion was set for May 28, 1986. Subpoenas for the hearing were sent to Robinson and South Central at its Canal Street address and its Bunkie address. When Robinson once more failed to appear, a second Judgment Forfeiting the Bail Bond was signed on May 29, 1986. A copy of this Judgment of Forfeiture was mailed to all interested parties. On May 28, 1986, the Motion to Set Aside Bond Forfeiture was taken up and denied by the court. The record contains a signed judgment dated August 8, 1986, denying surety's Motion to set Aside Bond Forfeiture. Application for Writs of Certiorari to review the lower court's ruling denying surety's motion was filed and granted by this court.
South Central Insurance Company contends that the trial court erred in ruling that the surety need not receive notice of a hearing pursuant to Article 337 of the Louisiana Code of Criminal Procedure.
The procedure for forfeiture of a bond is set forth in LSA-R.S. 15:85. "Basically, after a breach of bond conditions has occurred, *1162 the court, on motion of the state, is required to hold a hearing to determine if the prerequisites to forfeiture have been met." State v. Salgologo, 491 So.2d 361, 362 (La.1986). The specific prerequisite at issue in this case is whether or not the notice requirements set forth in La.C.Cr.P. art. 337 have been satisfied.
Article 337 reads as follows:
When a bail bond does not fix the appearance date, and the presence is required of a person who has been released on bail in a felony case, his surety shall be given written notice of the time, date, and place the principal is required to appear. The notice shall be delivered to the surety by an officer designated by the court, at least two days prior to the day set for the appearance. When a bail bond fixes the appearance date, no additional notice is required to be given to the defendant or the surety. If the principal appears as ordered and the proceeding is continued to a specific date, the surety need not be given notice of the new appearance date. Failure to give notice, as required by this Article, relieves the surety from liability on a judgment of forfeiture for the defendant's nonappearance on that particular date. Amended by Acts 1981, No. 218, sub. 1. [emphasis added]
The Louisiana Supreme Court recently discussed the notice requirements in State v. Salgologo, supra. The bond, in Salgologo, supra, which was written by Allied Fidelity Insurance Company through its local agent (Stephen Ghergich), did not fix an appearance date. Prior to arraignment, the state issued subpoenas to the defendant and the bondsman/agent (Ghergich). The state did not mail written notice to Allied informing it of the appearance date. The defendant subsequently failed to appear and following a hearing the bond was ordered forfeited. The Louisiana Supreme Court then had to decide whether or not the state's actions satisfied the pre-forfeiture notice requirements in Article 337.
In interpreting the statute, this court held in order for the forfeiture to be valid, both the surety and the bondsman/agent must receive the postforfeiture notice. (There is no requirement for pre-forfeiture notice to the bondsman/agent.) The thrust of the reasoning was notice to the agent could not be imputed to the principal/surety where the statute expressly mandates notice directly to the principal/surety.
The relevant codal and statutory provisions mandate the state to furnish notice of the appearance date to the surety. Since the state failed to send notice to Allied, the judgment of forfeiture is absolutely null. [footnote omitted]
In the present case, the bond which was written by South Central Insurance through its attorney-in-fact did not set an appearance date. Therefore, the state was required to furnish notice of the appearance date directly to the surety. Prior to arraignment, the state issued subpoenas to Robinson and to South Central Insurance at 3330 Canal Street in New Orleans. When the defendant failed to appear at arraignment, the court continued and reset the arraignment for a later date. Subpoenas were again issued to defendant and South Central Insurance at its Canal Street address. The defendant failed to appear and the court ordered that the bond be forfeited. The clerk of court subsequently mailed a copy of the judgment of bond forfeiture to South Central at both its Canal Street address and its Bunkie address. (P.O. Box 650, Bail Bond Department, Bunkie). On April 17, 1986, the surety filed a Motion to Set Aside Judgment of Bond Forfeiture/Petition for Nullity. Prior to the hearing on the motion which was set for May 28, 1986, subpoenas were issued to Robinson and to South Central at its Canal Street address and its Bunkie address, listed above; however, it was not served on the designated agent for service of process. The issue which must be resolved is whether or not the state complied with the notice requirements in La.C.Cr. art. 337, as set forth, supra.
La.Code of Civil Procedure Article 1261 reads as follows:
Service of citation or other process on a domestic or foreign corporation is made *1163 by personal service on any one of its agents for service of process.
If the corporation has failed to designate an agent for service of process, or if there is no registered agent by reason of death, resignation, or removal, service of the citation or other process may be made at any place where the business of the corporation is regularly conducted either:
(1) By personal service on any officer, director, or resident agent named in the articles of incorporation or in the last report previously filed with the secretary of state, or
(2) By personal service on any employee of suitable age and discretion.
The records of the State Insurance Commissioner indicates that South Central is a domestic corporation with its designated agent for service of process as one, Robert L. Wright, 301 Gayle Boulevard in Bunkie, Louisiana 71322.
Although the notices of arraignment and trial were sent to South Central Insurance at its Canal Street address and at its Bunkie address; there was no notice served on the designated agent for service of process at his Bunkie address. We hold here that the pre-forfeiture notice as required by Article 337 has not been fully complied with. Code of Civil Procedure art. 1261 requires that domestic corporations be served by personal service being made on the designated agent for service of process.
Bond forfeitures are not favored and before a judgment of forfeiture is rendered, all procedures must be strictly complied with. State v. Hathaway, 403 So.2d 737 (La.1981).
Although South Central was probably aware of the arraignment and trial as a result of the notices being sent to their Canal Street and Bunkie, La. addresses; we hold the lack of service on their agent for service of process as required under C.C.P. art. 1261 invalidates this bond forfeiture.
Accordingly, for the foregoing reasons the judgments of the trial court are reversed and the judgment of bond forfeiture is annulled.
REVERSED AND RENDERED.