SEXTON, Judge.
South Central Insurance Company, a commercial surety company, appeals the denial of its petition seeking to nullify two judgments of bond forfeiture. We reverse and nullify the forfeitures.
Initially, Dunlevie was charged with indecent behavior with a juvenile. When he failed to appear on his first scheduled court date, he was charged with bail jumping. He appeared approximately two months later and posted two bonds through the local agent of South Central, Curry Bonding Service. The bonds stated a court date of September 17, 1981. Dunlevie did appear in court on that day and the matter was continued.
After several settings and continuances, the trial was set on April 12, 1982 by court order. The defendant was not present at the setting. Notice of the setting was served only on the surety’s agent, Curry Bonding Service, and not on the defendant or South Central. The defendant did not appear on April 12th and written forfeiture judgments were signed on April 13, 1982.[1]
In September 1986, South Central filed a petition for nullity of the judgments of bond forfeiture on the basis that the state had failed to provide notice to it of the defendant's court date, as required by LSA-C.Cr.P. Art. 337. At the hearing on the validity of the bond forfeiture, it was stipulated that although South Central was not notified of the April 12 trial date, its local agent did receive notice of that trial date. The trial court denied the petitions to nullify the judgments, holding that LSA-C.Cr.P. Art. 337 does not require notice to a surety of any refixings if the original appearance date is fixed when the bond is made, particularly when the local agent is notified of the new date.
South Central appeals asserting that under the holding of State v. Salgologo, 491 So.2d 361 (La.1986), notice to their agent, Curry Bonding Service, of the fixing for trial is an insufficient prerequisite for the forfeiture of these bonds. The state contends that Salgologo is distinguishable because in the instant case the defendant received notice of the original court appearance date and contends that in that circumstance LSA-C.Cr.P. Art. 337 does not require notice to the surety.
The general rule is that bond forfeitures are not favored and before a judgment of forfeiture may be entered, the state must comply strictly with the provisions of LSA-R.S. 15:85 and LSA-C.Cr.P. Art. 337. State v. Salgologo, supra; State v. Hathaway, 403 So.2d 737 (La.1981); State v. DeLaRose, 391 So.2d 842 (La. 1980).
The facts of Salgologo are similar to the instant case. Salgologo, originally charged with possession of cocaine, filed a commercial surety bond written by Allied Fidelity Insurance Company. An initial appearance date was not fixed when the bond was made, the only possible significant difference between Salgologo and the instant case. Arraignment was set by the state approximately a month later and notice thereof was directed to the defendant and the bondsman/agent of Allied. No notice was sent to Allied. Allied thus successfully challenged the eventual judgment of bond forfeiture, contending that the state had failed to comply with the literal requirements of LSA-C.Cr.P. Art. 337.
Relying on State v. Coran, 386 So.2d 914 (La.1980), Salgologo rejected the state’s contention that notice to the agent of Allied was in fact notice to Allied. The court conceded the general principle that knowledge of the agent is imputed to the principal but determined that Art. 337 by its *1255 specific wording required notice to the surety itself. Thus, the court determined that the general principle of law advanced by the state was insufficient to overcome the specific requirement of the statute.[2]
At the time of the judgments of forfeiture in Salgologo and the instant case, LSA-C.Cr.P. Art. 337 provided as follows:
Art. 337. Notice to surety of time and place of appearance.
When a bail bond does not fix the appearance date, and the presence is required of a person who has been released on bail in a felony case, his surety shall be given written notice of the time, date, and place the principal is required to appear. The notice shall be delivered to the surety by an officer designated by the court, at least two days prior to the day set for the appearance, or may be mailed to the surety at least three days prior to the day set for the appearance. When a bail bond fixes the appearance date, no additional notice is required to be given to the defendant or the surety.
If the principal appears as ordered and the proceeding is continued to a specific date, the surety need not be given notice of the new appearance date. Failure to give notice, as required by this Article, relieves the surety from liability on a judgment of forfeiture for the defendant’s nonappearance on that particular date.
We are unable to credit the state’s efforts to distinguish Salgologo’s interpretation of Art. 337 from the instant circumstances. We do not perceive that Art. 337 intended a different notice requirement to the surety simply because the defendant received notice of the initial appearance date when the bond was posted. The language the state relies on in an effort to distinguish Salgologo is, “when a bail bond fixes the appearance date, no additional notice is required to be given to the defendant or the surety.” That sentence must be read in context with the following sentence which states: “If the principal appears as ordered and the proceeding is continued to a specific date, the surety need not be given notice of the new appearance date.”
The obvious purpose of these sentences is to simply point out that if a defendant who received notice of his first appearance date at the time the bond is made appears as ordered and is given a second specific date at that time, then notice of the second date to the surety is not required.
Obviously, a different situation exists when, as in the instant case, the defendant appears at the first date and the case is continued on several occasions without his appearance and is eventually set by court order when he is not present. We find no distinction between that circumstance, which is the instant situation, and that presented in Salgologo where the defendant was not given an original appearance date and failed to appear on the date subsequently set for his first appearance.
We thus read Salgologo to interpret Art. 337, as it read at the time of the instant bond forfeiture, to require notice to the surety of a defendant’s appearance date in order to successfully obtain a judgment of bond forfeiture for the defendant’s failure to appear — when the defendant was not present when the appearance date was set.[3] We are unable to perceive a significant distinction between the facts of Salgo-logo and the instant circumstance. In the instant case, the defendant was not present when the case was set, just as in Salgolo-go. Thus, notice to the agent here is likewise deficient under the rationale of Salgo-logo. Logically, the fact that the defendant Salgologo failed to appear the first time he was ordered to is a distinction of no moment. South Central should therefore *1256 be relieved of its liability on its bonds for Dunlevie’s failure to appear.
For the reasons assigned, the judgments of bond forfeiture of the lower court are reversed, and the judgments of forfeiture are annulled. Costs of these proceedings are assessed against the state to the extent that the state may be legally cast for costs in these circumstances.
REVERSED.

. In May 1986, the indecent behavior charge was dismissed by the state.

. LSA-C.Cr.P. Art. 337 was amended in the 1987 Legislative Session by Aci No. 728. The amendment, which overruled State v. Salgologo, supra, added the phrase "or an agent or bondsman of the surety" after each instance in the article where the word "surety” appeared. Therefore, under the new version of the article, notice to the bondsman is notice to the surety.

. The instant record does not contain a copy of a power of attorney between the surety. South Central, and their agent, Curry Bonding Service. We perceive, without deciding, that a different result might pertain if the state had proved that the surety had given its bondsman/agent a power of attorney to receive appearance notices on its behalf.