MARVIN, Chief Judge.
In this appeal by the commercial surety on an appearance bond, we reverse a judgment denying the surety’s motion to set aside a judgment of bond forfeiture that was rendered when the defendant failed to appear for sentencing after pleading guilty to a drug charge.
The surety claims the trial court should have annulled the forfeiture judgment on several grounds, including the state’s failure to give the surety or its agent notice of the sentencing date, which the surety claims was required under CCrP Art. 337 before forfeiting the bond.
On its exception of prescription filed in this court, the state contends the surety’s action to annul the judgment should be dismissed because it was not brought within 60 days of the mailing of the notice of the forfeiture, the “appeal delay” allowed for the surety to “assert a defense to the forfeiture” under LRS 15:85A(2)(a). This statute provides that a defense that is not timely raised is waived.
We overrule the state’s exception of prescription, reverse the judgment appealed, and render judgment annulling the forfeiture for lack of the pre-forfeiture notice to the surety or its agent, without reaching the surety’s other assignments of error.
The 60-day period and the waiver provisions in LRS 15:85 apply only to the assertion of “a defense to the forfeiture,” and not to the surety’s action to annul the forfeiture judgment for vices of form under CCP Art. 2001 et seq., which are alleged here. State v. Posey, 550 So.2d 1368 (La.App. 5th Cir.1989), reversed on other grounds, 556 So.2d 836 (La.1990).
FACTS
In early 1987, defendant Harrison and a co-defendant, both residents of North Carolina, were charged with possession of more than 60 and less than 2,000 pounds of marijuana under LRS 40:966E(1). Harrison appeared at a bond reduction hearing, a preliminary examination and a hearing on a motion to suppress before pleading guilty to the charge on June 2, 1988. After accepting the guilty plea, the court ordered Harrison to appear for sentencing on August 18, 1988.
On August 11, 1988, Harrison’s lawyer filed a motion to continue the sentencing because the Department of Corrections had not received the information it had requested from North Carolina for the PSI. On August 12, the court signed an order resetting the sentencing for December 19, 1988. On the face of the motion and order, the clerk of court was instructed to notify the DA and the two defense lawyers who jointly represented Harrison of the new sentencing date. The clerk sent the notices as instructed, but did not notify the surety on Harrison’s bond or the surety’s local agent that the sentencing date had been reset. Harrison’s case was not called, and neither he nor his counsel appeared in court, on August 18, 1988.
When Harrison did not appear for sentencing on December 19, 1988, the court signed a judgment of bond forfeiture after the DA stated, “The record shows that notice was sent to Mr. Harrison to appear today, and also to the bail bondsman.” No written notice to the bondsman or the surety was then in the record. The deputy *1205 clerk who sent the notices to the DA and the defense lawyers later testified that no notice was sent to the surety or the local bondsman.
PRE-FORFEITURE NOTICE
CCrP Art. 337 requires that written notice of an appearance date be sent to “the surety or an agent or bondsman of the surety” unless the appearance date is stated in the bond or the proceeding is continued to a specific date while the defendant is present in court.
Harrison’s sentencing date was not stated in the bond. It was originally set in court when Harrison pleaded guilty, but was continued by motion and order signed when Harrison was not present in court. Under these circumstances, the state was required to give the surety or the surety’s agent written notice of Harrison’s December 19, 1988, appearance date. The state’s failure to give the required notice “relieves the surety from liability on a judgment of forfeiture for the defendant’s nonappearance on that particular date.” Art. 337. See and compare State v. Salgologo, 491 So.2d 361 (La.1986) and State v. Dunlevie, 516 So.2d 1253 (La.App. 2d Cir.1987), writ denied.[1]
DECREE
The state’s exception of prescription is overruled. The judgment denying the surety’s motion to set aside the forfeiture is reversed. Judgment is hereby rendered in favor of the surety annulling the forfeiture. Costs of the appeal, to the extent allowed by law, are assessed against the state.

. The forfeiture judgments in Salgologo and Dunlevie were set aside because pre-forfeiture notice was given only to the surety’s local agent. Under the pre-1987 language of Art. 337, notice to "the surety" was required. The 1987 amendment provided for notice to "the surety or an agent or bondsman of the surety.” On this record, the difference in the statutory language here and in the Salgologo and Dunlevie cases is inconsequential because neither the surety nor the bondsman was notified of Harrison’s sentencing date. Compare State v. Posey, supra. There, the appellate court found the pre-forfei-ture notice to the surety’s local agent, apparently given in 1988, deficient under Art. 337 and Salgologo. The supreme court reversed, finding that notice to the local agent was authorized by the 1987 amendment of Art. 337.