hPEATROSS, Judge.
Appellant, Bankers Insurance Company (“Bankers”), a commercial surety, appeals the judgments of the trial court ordering the forfeiture of bonds entered in criminal proceedings on behalf of Randy Dean Berry and Ronald Gene Berry (“Defendants”). For the following reasons, we reverse the judgments of the trial court and nullify the bond forfeiture judgments at issue.
FACTS
On September 27, 1994, the Defendants and Bankers entered bail bonds in criminal proceedings in the Fourth Judicial District, Ouachita Parish. The bonds named Bankers as surety and indicated that the Defendants were to return to the district court on October 17, 1994. Defendants appeared in court on October 17,1994, the date provided in the bonds, and were instructed by the court to return on November 2, 1994, for hearings and to select a trial date. The Defendants faded to appear on November 2, 1994, and the State of Louisiana (“State”) reserved its right to seek forfeiture of the bail bonds on November 7,1994.
The Defendants did appear in court on November 7, 1994, and were instructed to return to court on January 9, 1995. The State did not send notice of the January 9, 1995, appearance date to Bankers or to the agent or bondsman for Bankers. The Defendants appeared in court on January 9, 1995, and were instructed to return on March 7, 1995. Again, the State failed to send any notice to Bankers. The Defendants failed to appear as ordered on March 7, 1995 and the State reserved its rights to forfeit the bail bonds on March 9, 1995. On motion of the State, the trial court rendered an oral judgment of bond forfeiture on March 9, 1995, and signed written judgments on April 3, 1995. Notices of the signing of the judgments of bond forfeiture were mailed to Bankers on April 10,1995.
On May 6, 1996, Bankers filed with the trial court a Petition for Nullity of Judgment of Bond Forfeiture. The trial court heard arguments on the petition for |2nullity, took the matter under advisement and on June 19, 1996, the trial court denied Bankers’ petition. Bankers appealed arguing that the State failed to send the notice required by La. C.Cr.P. art. 344(B)(3), and that the State failed to introduce the proper evidence at the forfeiture hearing as required by LSA-R.S. 15:85(1).
DISCUSSION
Bankers argues that the Defendants’ failure to appear at the hearing on November 2, 1994, triggered the notice requirement of C.Cr.P. art. 344(B)(3), which states:
If the defendant appears as ordered and the proceeding is continued to a specific date, the defendant and the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety need not be given notice of the new appearance date. If the defendant fails to appear as ordered, or the proceeding is not continued to a specific date, the personal surety or the agent or bondsman who posted the bond for the commercial surety shall be given notice of the new appearance date.
Bankers agrees with the State that since the bonds fixed the initial appearance date, no other notice of the “initial appearance date” was due under C.Cr.P. art. 344(A) because the Defendants appeared in court on that date and the court continued the matter until November 2, 1994. The Defendants, however, failed to appear on November 2,1994, but reappeared on November 7, 1994, at which *377 time the court continued the matter until January 9, 1995. Bankers contends that since Defendants failed to appear as ordered on November 2,1994, the State was required to give the commercial surety notice of the new appearance date of January 9, 1995.
The State argues that La.C.Cr.P. art. 344(A) is applicable in this ease, and since the bonds stated the initial appearance date and Defendants appeared on that date, no other notice was required. Article 344(A) provides in pertinent part:
1 3When a bail bond fixes the initial appearance date, no additional notice is required to be given to the defendant or the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety, if the defendant appears as ordered. If a defendant fails to appear when a bail bond fixes the initial appearance date, no additional preforfei-ture notice for that date is required to be given to the defendant or the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety.
The State contends that even if farther notice was required, the lack of notice was a defense which should have been raised within the 60-day period provided in LSA-R.S. 15:85(5). The State also claims that the commercial surety cannot avail itself of a nullity action under La.C.C.P. art. 2002 because it is not a defendant in the criminal prosecution, but merely an obligor under a bail bond contract and the special bail bond laws.
The general rule is that bond forfeitures are not favored. Before a judgment of forfeiture may be entered, the State must comply strictly with the provisions of LSA-R.S. 15:85 and La.C.CrJP. art. 344. State v. Bailey, 567 So.2d 721 (La.App.2d Cir.1990); State v. Dunlevie, 516 So.2d 1253 (La.App.2d Cir.1987), writ denied, 521 So.2d 1149 (La.1988).
We agree with Bankers and the State that under art. 344(A) additional notice to the commercial surety concerning the “initial appearance date” is not required when the bond itself fixes the initial date. ■ In the present ease, however, the Defendants, after appearing on the initial date, failed to appear on the continued date of November 2, 1994, as ordered by the court. We conclude that this failure to appear triggered the notice requirements of art. 344(B)(3). The Defendants reappeared on November 7, 1996, and the trial court continued the matter until the specific date of January 9, 1995. Under the requirements of LajC.Cr.P.4 art. 344(B)(3) the State was required to give Bankers notice of this new specific appearance date[1].
In addition, Bankers correctly argues that the State failed to present the proper evidence to support the bond forfeiture judgments as required by LSA-R.S. 15:85(1)[2]. The statute requires that the State produce the bail contract, the power of attorney, if any, and the notice to the defendant and the surety as required by La.C.Cr.P. art. 344. Article 344(B)(2) states:
*378 The notice may be delivered to the defendant and the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety by an officer designated by the court, at least two days prior to the day set for the appearance; or this notice may be mailed by the United States first class mail to the defendant and his personal surety or the commercial surety or the agent or bondsman who posted bond for the commercial surety, at least three days prior to the day set for the appearance.
The record does not contain any evidence of notice sent by the State to Bankers that would meet the requirements of La.C.Cr.P. art. 344(B)(2). Further, since we jgconclude that the State did not provide the notice required under art. 344(B)(3), the State failed to present the evidence required by law to obtain a proper bond forfeiture. See State v. McCart, 627 So.2d 761 (La.App.2d Cir.1993).
The State contends that Bankers’ claim of lack of notice was a defense which Bankers had to raise within the 60-day period provided in LSA-R.S. 15:85(5). As the State contends, LSA-R.S. 15:85(5) allows the surety “to bring defenses and actions in nullity by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within sixty days from mailing the notice of the signing of the judgment of bond forfeiture.” LSA-R.S. 15:85(9), however, states that “Nullity actions pursuant to Code of Civil Procedure Art. 2001 et seq. not filed within the sixty days provided for filing summary proceedings shall be brought by the use of ordinary civil proceedings.” Louisiana C.C.P. art. 2002 allows an action to be brought for the annulment of a judgment rendered against a defendant who has not been served with process as required by law. In the present case, Bankers brought this nullity action through the use of ordinary civil proceedings and thus the sixty-day period provided in LSA-R.S. 15:85(5) is inapplicable.
The State also contends that Bankers, a commercial surety, should not be allowed to bring a nullity action under La. C.C.P. art. 2002 because it is not the defendant in the criminal prosecution. Article 2002 states in pertinent part:
A final judgment shall be annulled if it is rendered:
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance.
One who posts an appearance bond enters into a suretyship agreement with the State. This is considered a civil contract based upon an act under private signature, breach of which will lead to a money judgment against the surety. State v. Bailey, supra; State v. Shief, 534 So.2d 513 (La.App. 5th Cir.1988). Except for the purpose of determining jurisdiction, those proceedings involving bond | fiforfeitures are civil proceedings which are subject to the rules of civil procedure. While the procedural and jurisdictional authority for the forfeiture of an appearance or bail bond is a criminal procedure and jurisdiction, after a judgment ordering the forfeiture of the bond is rendered against the surety the obligation of the surety is civil in nature and enforced in civil proceedings. State v. Bailey, supra.
While Randy and Ronald Berry are the defendants in the criminal proceedings, we conclude that Bankers occupies the position of a defendant in these civil proceedings with regard to the bond for forfeiture judgment. The State moved for forfeiture of the bonds placed in the criminal proceedings by Bankers and introduced evidence in support of bond forfeiture. As a result, Bankers was cast in judgment in solido with Defendants in the amount of $35,000 for each bond. We conclude that Bankers is a defendant for purposes of having standing to bring a nullity action.
CONCLUSION
For the foregoing reasons, we reverse the judgment of the trial court, and the April 3, 1995, judgments of bond forfeiture are hereby declared nullities. The costs of this appeal are assessed to the State in accordance with applicable law.
REVERSED AND RENDERED.

. We note, in support of our conclusion, that the Official Revision Comment to La.C.Cr.P. art. 337, the predecessor to art. 344, recognizes the importance of giving notice to the surety of the time, place and date of the defendant’s required appearance, given the fact that in a majority of the cases the appearance date would not be set at the time when the defendant entered into the bond undertaking. The comment further notes that the requirement of notice to the surely was particularly significant if the bail bond was executed by a personal surely because the required notice afforded him the opportunity to avoid a breach by making sure that the defendant was present at the time ordered. We observe that the same reasoning applies, although less strongly, to the commercial surety.

. LSA-R.S. 15:85 states, in pertinent part:
All bonds taken to secure the appearance of any person before any court executed in the state of Louisiana shall be forfeited and collected as follows:
(1) Failure to appear and answer. If at the time fixed for appearance the defendant fails to appear and answer when called, the judge, on motion of the prosecuting attorney, upon hearing of proper evidence including: the bail contract; the power of attorney if any; and the notice to the defendant and the surety as required by Article 344 of the Code of Criminal procedure, shall immediately and forthwith issue a warrant for the arrest of the person failing to appear and order a judgment decreeing forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond.