I, MARVIN, Chief Judge.
In this action to annul a judgment forfeiting a bail bond, National American Insurance Company, the commercial surety of Defendant Hall, appeals a judgment rejecting its demands.
We reverse and render judgment in favor of the surety.
DISCUSSION
Hall’s bail bond “fixed” his initial “appearance date” on December 7, 1992, as contemplated by La.C.Cr.P. art. 344 A, formerly art. 337. When Hall failed to appear on that date, a bond forfeiture was ordered. Later learning that Hall was incarcerated in Hunt Correctional Center, the state set aside the bond forfeiture in June 1993, and caused Hall to be subpoenaed, through the warden, to appear on June 21, 1993. The state did not send notice of the June 21 appearance date to the surety.
When Hall appeared on June 21, the court ordered him to re-appear on August 26. When Hall appeared on August 26, the court ordered him to re-appear for trial on November 8,1993. The state did not send notice of the August or November dates to the surety. When Hall failed to appear on November 8, the court ordered his bond forfeited and a judgment to that effect was signed on November 17 and mailed to the surety on November 24,1993.
On Hall’s initial appearance date “fixed” in his bond, December 7, 1992, and on the date that he first appeared, responding to the state’s subpoena, on June 21, 1993, former art. 337 applied. Art. 344, incorporating art. 337 by amendment in 1993, was effective when Hall appeared on August 26, 1993, and when he failed to appear on his trial date of November 8, 1993. Former La.C.Cr.P. art. 337 read:
When a bail bond does not fix the appearance date, and the presence is required of a person who has been released on bail in a felony case, his surety or an agent or bondsman of the surety shall be given written notice of the time, date, and place the principal is required to appear. The notice shall be delivered to the surety or an agent or bondsman of the surety by an officer designated by the pcourt, at least two days prior to the day set for the appearance, or may be mailed to the surety or an agent or bondsman of the surety at least three days prior to the day set for the appearance. When a bail bond fixes the appearance date, no additional notice is required to be given to the defendant or the surety or an agent or bondsman of the surety. If the principal appears as ordered and the proceeding is continued to a specific date, the surety or an agent or bondsman of the surety need not be given notice of the new appearance date. Failure to give notice, as required by this Article, relieves the surety from liability on a judgment of forfeiture for the defendant’s nonappearance on that particular date. .
*383 The Official Revision Comment to art. 337 explained that notice to the surety was not required after the defendant appeared as ordered and the case was continued to a specific date, because the surety had full opportunity to easily determine from public records the new appearance date.
The later amendments did not change the notice requirements, but renumbered and restructured the requirements in art. 344. As initially enacted, art. 344 A stated:
When a bail bond fixes the initial appearance date, no additional notice is required to be given to the defendant or the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety, if the defendant appears as ordered.
In 1995, these two additional sentences were added to paragraph A:
If a defendant fails to appear when a bail bond fixes the initial appearance date, no additional preforfeiture notice for that date is required to be given to the defendant or the personal surety or the commercial surety or the agent or the bondsman who posted the bond for the commercial surety. The bond shall be forfeited forthwith as per R.S. 15:85.
The state and the surety agree that the article did not require notice to the surety of the December 7, 1992, appearance date “fixed” in the bail bond. Likewise, notice of the failure of Hall to appear on December 7 need not have been given.
On the other hand, when a bail bond does not fix the appearance date and the presence of a person who has been released on bail is required, both former Art. 337 and current Art. 344 require(d) that written notice of the time, date, and 1 aplace that the principal is required to appear be delivered or mailed to the surety. See Art. 344(B)(1).
Here, the only written notice given the surety was Hall’s initial appearance date “fixed” in the bond as December 7,1992. On December 7, 1992, the case was not “continued to a specific date.” The state did not give written notice to the surety that Hall was required to appear on the dates of June 21, August 26 or Nov. 8, 1993. When the state set aside the December 1992 bond forfeiture in early June 1993, the surety was not informed thereafter by the state of any required appearance date. This circumstance is akin to what is contemplated by art. 344(B)(1), “when ... the appearance date [is not fixed] ... the ... surety shall be given written notice....”
Moreover, the state is required to present “proper evidence” to have the court “order a judgment decreeing the [bond] forfeiture.” Proper evidence includes “the notice to the defendant and the surety as required by Article 344-” La.R.S. 15:85(1). See State v. McCart, 627 So.2d 761 (La. App.2d Cir.1993).
The state mistakenly relies upon the provision of Art. 344 that requires no further notice to the surety of a new appearance date if the principal appears on the “appearance date” that is “fixed” in the bond and is ordered to re-appear on a later date. This circumstance did not occur when Hall failed to appear on December 7, 1992. Hall, of course, appeared on June 21, 1993, in response to the state’s subpoena, but this “order,” as the state terms it, is not, under the circumstances of this record, what is contemplated or required under the applicable law as the preforfeiture written notice.
A surety is legally deemed by the statutes to have notice when the defendant thereafter appears as ordered on dates following his initial appearance date “fixed” in the bail bond and the proceeding is continued to a specific date. | .(Again we emphasize that when Hall failed to appear on the initial date fixed in his bond, the court did not continue his ease to a specific date. Instead, and almost six months later, the state set aside the December 1992 bond forfeiture and obtained the subpoena to order Hall’s appearance on June 21, 1993. The legal and practical continuity is lacking between the December 1992 fixed date and Hall’s later appearance dates (June 21 and August 26, 1993) when he was ordered each time to return on a respective “fixed” or continued date.
The state’s reasoning that the surety “was charged [by Hall’s June 21, 1993, appear- *384 anee] with knowledge from the public record of future court dates set in court with defendant present” is simply fallacious because the state did not give written notice to the surety of any appearance date after the initial appearance date “fixed” in the bond. The continuity of appearance dates is present when the defendant appears and is ordered to return to the court on a specific date. Although Hall did not appear on December 7, 1992, the forfeiture reviewed in this case does not relate to December 7, 1992, but to November 8, 1993. The December 7, 1992 forfeiture ordered in this case was set aside by the state in June 1993. This circumstance severs all continuity between the December 7, 1992 fixed date and the June 21, 1993 appearance date by Hall in response to the subpoena.
Once the December 7, 1992 forfeiture order was set aside in June 1993, the statutory obligation to notify the surety arose, just as if no date was fixed in the bond. See, La. R.S. 15:85(1), requiring that notice be given to a criminal defendant and the surety prior to forfeiture.
The state alternatively contends that in the event we find the preforfeiture notice herein legally insufficient, we should hold that the lack of such notice was a defense that had to be asserted within 60 days following postforfeiture notices mailed to the surety on November 24,1993.
IsStating that the nullity articles in the Code of Civil Procedure use the term “defendant,” the state argues that any suggestion that this bond forfeiture judgment is a nullity “ignores the fact that the surety was not a defendant in the criminal prosecution of defendant Hall on drug violations, but merely had an obligation under the bail bond contract and the special Bail Bond laws.”
We did not agree with a similar argument made in State v. Harrison, 584 So.2d 1203 (La.App.2d Cir.1991). We have not agreed with that argument in State v. Berry, 29,359CA (La.App.2d Cir. 4/2/97), 691 So.2d 375. In Harrison, supra, we agreed with the surety and annulled a bond forfeiture because the state failed to give the surety or its agent notice of the sentencing date. We disagreed with the state’s argument that the surety’s action to annul the judgment should be dismissed because it was not brought within 60 days of the mailing of the notice of the forfeiture. In Harrison, we held that the 60-day period in the waiver provisions in La.R.S. 15:85, as written at that time, applies only to the assertion of “a defense to the forfeiture,” and not to the surety’s action to annul the forfeiture judgment for vices of form under La.C.C.P. art. 2001 et seq.
The legislature, furthermore, has codified the availability of actions to set aside bond forfeiture judgments beyond the 60-day period allowed for summary proceeding in criminal eases. La.R.S. 15:85(9). While Hah alone is the defendant in the criminal proceeding, his surety, obligated in solido with Hall on the bond, is adverse to the state and is deemed a defendant in the civil proceedings that arise out of the surety’s contractual obligations in the bail bond. The procedures specified in the law in these circumstances allow the surety to be cast in judgment in solido with its principal [Hall, in this instance] and place the surety against whom the judgment was rendered in a position adverse to the state, while additionally recognizing the surety’s right and cause of action against the |6state to annul that judgment on proper grounds under the Code of Civil Procedure.
DECREE
We reverse the judgment of the trial court and hereby render judgment in favor of the surety and against the state declaring the November 17, 1993 judgment of bond forfeiture a nullity. Costs allowed by law are assessed against the state.
REVERSED AND RENDERED.