JiSAUNDERS, Judge.
The facts are essentially uncontradicted and mirror those of State v. Berry, 29,359, 29,360 (La.App. 2 Cir. 4/2/97), 691 So.2d 375.

PROLOGUE

On February 20, 1995, the State charged Frank Francis with felony theft, and appellant, Bankers Insurance Company, placed a $2,500.00 bail bond to obtain his release. Francis failed to appear for his arraignment on April 11,1995, prompting the court to sign a judgment of bond forfeiture on April 26, 1995. On October 5, 1995, Francis appeared in open court ón a motion to reduce his bond. No representative of ^Bankers Insurance Company was present, and Francis was ordered released after his bond was reduced to $500.00.

*1161
MAIN ACT

This appeal arises from a judgment of bond forfeiture signed by the trial court on November 13,1995, with notice of the signing mailed to Bankers Insurance Company after Francis failed to appear in court on November 6,1995.
The sole issue raised by Bankers in its April 17, 1996, Petition for Nullity of Judgment of Bond Forfeiture, Motion for Satisfaction of Judgment and Release of Surety, is whether Bankers was required to have been notified in advance of the November 6, 1995, appearance date. Trial in this civil proceeding was conducted on June 28, 1996. Judgment adverse to Bankers was rendered on October 4,1996.
Because defendant appeared in open court for his bond reduction on October 5, 1995, and was there notified in open court of his need to return to open court for his associated criminal proceedings of November 6,1995, the trial court concluded that the first sentence of La. Code CrimJP. art. 344(B)(3) required no such notice, an argument reasserted by the State on appeal. Bankers’ position, on the other hand, is that the nonappearance of the defendant on April 11, 1995, triggered the notice requirements of La. Code Crim.P. art. 344(B)(3).
(3) If the defendant appears as ordered and the proceeding is continued to a specific date, the defendant and the personal surety or the commercial surety or the agent or bondsman who posted the bond for the commercial surety need not.be given notice of the new appearance date. If the defendant fails to appear as ordered, or the proceeding is not continued to a specific date, the personal surety or the agent or bondsman who posted the bond for the commercial surety shall be given notice of the new appearance date.
(Emphasis added.)
| -¡According to Bankers, the failure of the trial court to give it proper notice of the October 5 and November 6, 1995, hearings entitled it to reversal of the trial court, as provided by La. Code Crim.P. art. 344(B)(4):
(4) Failure to give notice, as required by this Paragraph, relieves the surety from liability on a judgment of bond forfeiture for the defendant’s nonappearance on that particular date.
Thus, at the heart of this dispute is whether Bankers received, appropriate notice in accordance with La.Code Crim.P. art. 344.
Recently, our colleagues of the Second Circuit were called to decide this very question under virtually identical circumstances. In Berry, 691 So.2d 375, the accused initially failed to appear as ordered on November 2, 1994, but returned to court five days later November 7, 1994, when the matter was continued until January 9, 1995. The commercial surety (again Bankers Insurance Company) was notified of neither the January 9, 1995, nor of a subsequent March 7, 1995, hearing, and had not been present at any of the court’s proceedings, leading the court in Berry to nullify the bond forfeiture judgment: as commercial surety, Bankers was entitled to notice in accordance with La. Code Crim.P. art. 344(B)(3).
We agree with the rationale articulated in Berry, 691 So.2d 375, as here there is no evidence of abuse of process on the part of Bankers.[1] Accordingly, as in Berry, we conclude that Bankers was entitled to notice of the hearings in accordance with La. Code Crim.P. art. 344(B)(3) and to relief from the judgment of bond forfeiture in accordance with La. Code Crim.P. art. 344(B)(4) set forth above.

J¿DECREE

For the foregoing reasons, the judgment of the trial court in this proceeding is reversed.
REVERSED.

. Were it to have been shown that Bankers duped the State into the procedural quagmire, our conclusion could well be different. "A cause of action for abuse of process exists in Louisiana." Eicke v. Eicke, 517 So.2d 1067, 1072 (La.App. 3 Cir.1987); Succession of Cutrer v. Curtis, 341 So.2d 1209 (La.App. 1 Cir.1976), writ denied, 343 So.2d 201 (La.1977).