227 So.2d 162 (1969)
John A. PATRICK, Plaintiff-Appellant (Defendant in Rule),
v.
Elsie Moore PATRICK, Defendant-Appellee (Plaintiff in Rule).
No. 11256.
Court of Appeal of Louisiana, Second Circuit.
September 22, 1969.
Rehearing Denied October 20, 1969.
Writ Refused January 20, 1970.
Naff, Kennedy & Goodman, Shreveport, Robert U. Goodman, Shreveport, of counsel, for appellant.
Bethard & Bethard, Coushatta, Henry W. Bethard, III, Coushatta, of counsel, for appellee.
Before AYRES, DIXON, and PRICE, JJ.
DIXON, Judge.
This is an appeal by John A. Patrick from a judgment rendered against him and in favor of his wife. His wife answers the appeal and prays that the judgment should be increased.
Appellant's complaint is that the judgment is not responsive to the pleadings.
Briefs state that John A. Patrick filed this suit against his former wife for a partition. In the record before us, the first pleading is a rule to show cause filed by Elsie Moore Patrick and against John A. *163 Patrick. The rule was for contempt, for a finding that John A. Patrick was "unable to account" to his former wife, and for the use and production of certain records and information.[1]
On the return day of the rule, it was continued at the request of counsel for both parties until December 6, 1968. On that day counsel for Mrs. Patrick was present. Counsel for Mr. Patrick was not present. The court allowed Mrs. Patrick to produce her evidence, after which the judge telephoned counsel for Mr. Patrick and gave him an opportunity to be heard on December 9, 1968. A memorandum of evidence was prepared, and a brief was filed, after which a written opinion was filed by the trial judge. The judgment rendered pursuant to the written opinion is as follows:
"This matter came on to be heard by the Court, and the Court, for reasons assigned in writing, being of the opinion that the law and the evidence was in favor thereof:
"IT IS ORDERED, ADJUDGED AND DECREED: That there be judgment herein in favor of Elsie Moore Patrick and against John A. Patrick as follows:
"1: In the full and true sum of Eighteen Thousand Five Hundred Sixty Seven and 04/100 ($18,567.04) Dollars, with legal interest thereon from the date of judicial demand until paid.
"2: Emmett V. Womack, Clerk of Court, is ordered and directed to pay to Elsie Moore Patrick one-half and John A. Patrick one-half of all of the funds remaining in his hands in this matter, which funds were received by him as a result of partition sale in this matter.
"3: For all costs.
"Judgment rendered December 13, 1968.
"Judgment read aloud and signed in open Court at Natchitoches, Louisiana, on this the 19 day of December, 1968."
The appellant complains that the judgment constitutes an adjudication of the merits of certain controversies between the plaintiff and defendant, and is in no way responsive to the matter which was actually before the court.
The minutes of the court show that on November 12: "Case called for the purpose of hearing rule * * * the Court granted a continuance of the rule until December 6, 1968." On December 6, 1968, the following appears in the minutes: "Rule called as set with Attorney Henry W. Bethard, III, representing Plaintiff in Rule. * * *"
No explanation appears in the record concerning the apparent adjudication of the issues on a day when the case was not set for trial on the merits. The only proceeding regularly fixed for trial on December 6, 1968 was the rule to show cause filed by Mrs. Patrick. The minutes do not *164 show that the case was fixed for trial on the merits. The record does not show that the case was at issue. When the court adjudicated matters not regularly before it, it exceeded its authority. Due process requires adequate notice to the parties of the matters which will be adjudicated.
The Code of Civil Procedure, in Article 2592, prohibits the use of summary proceedings to decide the merits of cases, except in specific instances provided by law:
"Art. 2592. Use of summary proceedings
"Summary proceedings may be used for the trial or disposition of the following matters only:

"(1) An incidental question arising in the course of litigation;
"(2) An application for a new trial;
"(3) An issue which may be raised properly by an exception, contradictory motion, or rule to show cause;
"(4) The homologation * * *
"(5) A habeas corpus, mandamus, or quo warranto proceeding;
"(6) The determination of the rank of mortgages * * *
"(7) All other matters in which the law permits summary proceedings to be used." (Italics added.)
Mrs. Patrick contends that Article 862 of the Code of Civil Procedure authorizes the judgment in her favor, except that it should be increased. That article provides:
"Art. 862. Relief granted under pleadings; sufficiency of prayer
"Except as provided in Article 1703, a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief."
Nothing in Article 862 of the Code of Civil Procedure is intended to confer jurisdiction on a court to decide controversies which the parties have not regularly brought before it. Article 1 of the Code of Civil Procedure defines jurisdiction as the legal power and authority of a court to hear and determine an action. Mrs. Patrick's contention that the evidence before the trial judge entitles her to a judgment begs the question. She may be entitled to the judgment she seeks. However, in order for the court to have the legal power to decide ordinary proceedings there must be a petition (CCP 421), an answer (CCP 852) or default judgment (CCP 1701-1703, 1843) and a regular setting of the case for trial according to court rules with due notice of the setting to the parties (CCP 1571(1)).
The judgment appealed from is set aside and annulled at the cost of the appellee.
NOTES
[1] The rule to show cause was as follows:

"YOU ARE HEREBY ORDERED to show cause on the 12th day of November, 1968, at 10:00 o'clock A.M., why:
"1: You should not be adjudged guilty of contempt of this court and its authority because of your failure to comply with, and willful disobedience of the orders of this court.
"2: You, because of a lack of adequate records, should not be found to be unable to account to this court or to Elsie Moore Patrick for your administration of the community.
"3: Elsie Moore Patrick should not be permitted full use of all records and information of the community to make a projection of the income of the community similar to that made by the United States Internal Revenue Service and present it to this Court for approval.
"4: You should not give Elsie Moore Patrick, within a delay to be fixed by the court, the following:
"(a) The addresses of the debtors on the list of accounts receivable received by Mrs. Patrick in connection with the settlement of the community.
"(b) All information, papers and documents showing the acquisition of the Plymouth automobile owned by the community and acquired by Mrs. Patrick at the sale of community property on May 17, 1967.
"AND HEREIN FAIL NOT UNDER PENALTY OF THE LAW."