BLANCHE, Judge.
Plaintiff, Loretta B. Pardue, was employed as a teacher at Springfield High School in Livingston Parish, and in that capacity served as a guidance counselor from the fall of 1966 to the end of the 1969-70 school year. After the Livingston Parish School System was integrated by a Federal Court order, the plaintiff was removed from her position as guidance counselor and assigned as an English teacher for the 1970-71 school year. Suit was brought by her to enjoin the defendant, Livingston Parish School Board, from “demoting plaintiff from her position as Guidance Counselor.” From a judgment dismissing her suit, plaintiff appealed to this Court, and on August 6, 1971, we rendered a judgment which enjoined the “Livingston Parish School Board from transferring Loretta B. Pardue from the position of guidance counselor to any position of lesser professional standing.” [1]
On June 9, 1972, plaintiff filed a pleading entitled “Rule for Contempt” wherein she alleged that the aforesaid judgment directed the defendant to reinstate her as guidance counselor of Springfield High School. The petition further alleged that she made demand on defendant to grant her a contract as guidance counselor for Springfield High School, and a stipulation in the record shows that she has not been offered her former position at that school by the defendant. The rule concluded with a prayer that the defendant school board be ordered to show cause why it should not be held in contempt of court for failure to comply with the above-referred to judgment of the court.
The defendant answered the rule admitting that the Court of Appeal rendered a judgment reinstating plaintiff as a guidance counselor but denying that the judgment ordered her reinstatement as guidance counselor in Springfield High School. It also admitted that demand was made on defendant to reinstate plaintiff as guidance counselor at Springfield Pligh School but all other allegations therein were denied.
The rule came on for hearing and on September 29, 1972, the trial court ordered :
“* * * [Tjhat there be judgment in favor of plaintiff, Loretta B. Pardue and against the defendant, Livingston Parish School Board, ordering the said Livingston Parish School Board to reinstate the plaintiff, Loretta B. Pardue as guidance counselor at Springfield High School, Parish of Livingston, State of Louisiana.” (Judgment, Record, p. 12)
Defendant has appealed from this judgment. We reverse.
The judgment of September 29, 1972, is not supported by any evidence in the record, nor is it responsive to the matter presented to the court by the pleadings. The plaintiff, on her own motion, prayed to have the court find the defendant guilty of a constructive contempt. On a finding of guilty, LSA-C.C.P. Art. 225 requires that the court shall render an order reciting the facts constituting the contempt, adjudging the person charged with contempt guilty thereof, and specifying the punishment imposed. The procedure employed by the foregoing article is summary in nature, as it is instituted on a rule to show cause giving the person so charged forty-eight hours to prepare his defense.
Whether plaintiff should be reinstated as the guidance counselor at Springfield High School is a matter unknown to us, as there has been no trial via ordinaria on the merits of that issue. Additionally, there is no evidence in the record upon which to base such a judgment. If the matter involves an interpretation of our former judgment, as argued by counsel for *904 plaintiff, then that judgment does not support a judgment reinstating plaintiff as guidance counselor in a specific school, though certainly an ordinary proceeding rather than a summary contempt proceeding would be the proper proceeding to determine that issue.
The character of the action is fixed by the pleadings, and as shown herein-above, the relief sought was a finding by the court that the defendant was guilty of contempt by reason of its failure to comply with a judgment of the court, not whether plaintiff should be reinstated as the guidance counselor at Springfield High School. The court simply adjudicated a matter not regularly before it and exceeded its authority. Patrick v. Patrick, 227 So.2d 162 (La.App. 2nd Cir. 1969), writ refused, 255 La. 238, 230 So.2d 91.
In Patrick v. Patrick, supra, appellant, John A. Patrick, filed a suit against his former wife for a partition. In that proceeding his wife filed a rule to show cause why he should not be held in contempt of court by reason of his failure to account to his former wife and to produce certain records and information. After the return day for the rule, a money judgment was awarded in favor of the defendant wife (plaintiff in rule) and against the plaintiff husband (defendant in rule). No explanation appeared in the record concerning the apparent adjudication on that issue, just as there is nothing in the record here to determine on what basis the court ordered the plaintiff’s reinstatement as guidance counselor at Springfield High School. In the Patrick case our brothers of the Second Circuit held that the trial court had exceeded its authority when it adjudicated a matter not regularly before it.
In our opinion the use of the court’s power to punish for contempt is not a proper method to determine whether our previous judgment reqttired the Livingston Parish School Board to reinstate plaintiff to the position of guidance counselor at Springfield High School. The issue of whether our former judgment required such a construction could only be accomplished in a suit via ordinaria where there was a petition (LSA-C.C.P. Art. 421), an answer (LSA-C.C.P. Art. 852) or default judgment (LSA-C.C.P. Arts. 1701-1703, 1843), and the regular setting of the case for trial according to court rules, with due notice of the setting of the trial to the parties (LSA-C.C.P. Art. 1571 [1]).
It cannot be argued that Article 862 of the Code of Civil Procedure would authorize such a judgment. We recognize that under Article 862, save in the exception of a default judgment, a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief. However, nothing in that article is intended to confer jurisdiction on a court to decide a controversy which the parties have not regularly brought before it. Patrick v. Patrick, supra.
For the above reasons, the judgment of the trial court is reversed, at the cost of plaintiff-appellee.
ON MOTION TO DISMISS
A motion to dismiss the appeal of the School Board was filed by plaintiff. Two grounds for dismissal are urged and neither have merit. First it is argued that no appeal lies from a contempt proceeding, as the only remedy available to defendant is to invoke the supervisory jurisdiction of the court. Had the matter been treated by the trial court as a contempt proceeding, this contention would have merit. Recently in Discon v. Saray, 272 So.2d 439 (La.App. 1st Cir. 1973), this Court held that an appellate court has supervisory jurisdiction over civil contempt proceedings. As noted earlier in this opinion, the trial court in the instant case did not find the defendant to be in contempt of court but granted a judgment which could only be properly *905 granted after proceedings via ordinaria, Therefore, an appeal was the proper remedy.
Lastly, plaintiff argues, although not even in the alternative, that the appeal bond was not timely filed for the purpose of perfecting a suspensive appeal. Defendant did, however, perfect the appeal within the time allowed for a devolutive appeal, for it is hornbook law that where an appellant, after the time allowed for perfecting a suspensive appeal has passed but within the time for a devolutive appeal, has filed a bond for the amount fixed for the suspensive appeal, the appeal will not be dismissed but will be maintained as a devolutive appeal. Courvelle v. Eckart, 49 So.2d 658 (La.App. 1st Cir. 1950) ; and the numerous cases therein cited.
Accordingly, the motion to dismiss is denied.
Reversed and motion to dismiss denied.

. Pardue v. Livingston Parish School Board, 251 So.2d 833 (La.App.1st Cir. 1971).