504 So.2d 1098 (1987)
STATE of Louisiana
v.
Charles OVERTON.
No. 86-CA-659, No. 86-CA-660.
Court of Appeal of Louisiana, Fifth Circuit.
March 16, 1987.
Smith, Martin, Blackburn & Ware, Graymond F. Martin, New Orleans, for Allied Fidelity Ins. Co., appellant.
John M. Mamoulides, Dist. Atty., Twenty-Fourth Judicial Dist., Eric Honig, Dorothy A. Pendergast, Asst. Dist. Attys., Louise Korns, of counsel, Office of the Dist. Atty., Gretna, for appellee.
Before CHEHARDY, GRISBAUM and GOTHARD, JJ.
CHEHARDY, Chief Judge.
We granted writs of certiorari in these cases to consider the denial of Allied Fidelity Insurance Company's motions to annul judgments forfeiting the bail bonds on the defendants. The cases of State of Louisiana v. Overton, 504 So.2d 1098 (La.App. 1987), and State of Louisiana v. O'Brien, 504 So.2d 1100 (La.App.1987), were consolidated for review in this Court.
In the case of State v. O'Brien, two judgments forfeiting the bond exist, one dated August 15, 1984 and one dated November 5, 1984. Appellant mentions both in its brief. It is unclear which it seeks to have this Court review. However, the only judgment contained in the record which denies Allied's motion to set aside judgment of bond forfeiture and petition for *1099 nullity of judgment pertains to the August 15, 1984 judgment. Our review is, therefore, limited to the judgment of August 15, 1984.
Charles R. Overton was charged on April 27, 1984 with indecent behavior with a juvenile in violation of LSA-R.S. 14:81. He posted bond in the amount of $5,000 through Allied, a commercial surety. The bond did not fix the appearance date. Trial was set for October 9, 1984. A subpoena to appear was served on Allied's local agent at the agent's address. Allied received no other notice of the trial date. Defendant failed to appear for trial on October 9, 1984. On the same day a judgment forfeiting the bail bond was rendered. On April 17, 1986, Allied filed a motion to set aside judgment of bond forfeiture and petition for nullity of judgment. This motion was denied.[*]
On July 20, 1984, Michael J. O'Brien was charged with possession of cocaine in violation of LSA-R.S. 40:967. Allied posted his bond in the amount of $7,500. The bond did not fix the appearance date. Allied's local agent was served with notice of the arraignment at his local address. Allied received no other notice. Defendant failed to appear for arraignment on August 15, 1984. Judgment forfeiting the bond was granted on that day. On April 17, 1986, Allied filed a motion to set aside judgment of bond forfeiture and petition for nullity of judgment. This motion was denied.
Allied contends the judgment of bond forfeiture is invalid in each case, because the State failed to comply with the notice requirements of LSA-R.S. 15:85 and LSA-C.Cr.P. art. 337.
Finding merit in Allied's argument, we reverse. LSA-R.S. 15:85 requires, prior to forfeiture of a bond, that notice be served on the surety pursuant to C.Cr.P. art. 337. C.Cr.P. art. 337 reads in pertinent part:
"When a bail bond does not fix the appearance date, and the presence is required of a person who has been released on bail in a felony case, his surety shall be given written notice of the time, date, and place the principal is required to appear. * * * Failure to give notice, as required by this article, relieves the surety from liability on a judgment of forfeiture for the defendant's nonappearance on that particular date."
This language was interpreted recently by the Louisiana Supreme Court in the case of State v. Salgologo, 491 So.2d 361 (La. 1986). There the bond, written by the local agent of Allied Fidelity Insurance Company, did not fix an appearance date. The surety's local agent was served with notice of the arraignment. Upon the defendant's failure to appear at the arraignment, the bond was forfeited. The Supreme Court interpreted R.S. 15:85 and C.Cr.P. art. 337 to require the State to furnish notice of the appearance date to the surety. They further determined that notice to the agent could not be imputed to the surety, as the statute expressly mandates notice directly to the surety. See also, State v. Coran, 386 So.2d 914 (La.1980).
Thus, in the instant cases, the State, pursuant to C.Cr.P. art. 337, was required to furnish notice of the appearance date directly to Allied. The State's service of notice of the appearance dates on the surety's agent fails to comply with the mandate of C.Cr.P. art. 337. Because the State failed to send notice to Allied, the judgments of forfeiture in both cases are absolutely null. C.Cr.P. art. 337; State v. Salgologo, supra.
For the foregoing reasons the judgment denying Allied's motion to annul the judgment of bond forfeiture is reversed. Judgment is hereby rendered in favor of Allied Fidelity Insurance Company and against the State of Louisiana, declaring null the judgment dated October 9, 1984, which forfeited the bail bond in Case No. 84-1187 of the Twenty-fourth Judicial District Court.
REVERSED AND RENDERED.
NOTES
[*] Although the actions for nullity were not filed until well over a year after the judgments of bond forfeiture were rendered, LSA-C.C.P. art. 2002 provides that an annulment for vices of form may be brought at any time.