514 So.2d 248 (1987)
Donna Bordelon LITTLETON
v.
Harrison W. LITTLETON, Jr.
No. 87-CA-273.
Court of Appeal of Louisiana, Fifth Circuit.
October 14, 1987.
*249 Donna Bordelon Littleton, In Pro. Per.
Theodore W. Nass, The Law Offices of Nass, Wiebelt & Nass, New Orleans, for defendant-appellant.
Plauche F. Villere, Jr., New Orleans, appointed mediator appellee.
Before CHEHARDY, KLIEBERT and GAUDIN, JJ.
KLIEBERT, Judge.
Harrison W. Littleton, Jr., the former husband, takes this appeal from a judgment rendered after a hearing on his rule to decrease a prior child support award and his former wife's rule to increase the award. He appeals that portion of the judgment which orders, adjudges and decrees that he entered into a contract to pay his former wife's car note and hence must pay her $150.00 per month until the debt is extinguished. In a brief filed in this court the husband attacks the judgment on alternative grounds:[1]
(1) the award represents a modification of the prior child support award, despite the absence of a showing by the wife of a change in circumstances justifying the increase; or
(2) the award represents an adjudication of a contractual dispute which cannot be accomplished by a rule nisi and for which he was denied proper notice and the opportunity to defend, in violation of procedural due process rights.
The wife has not appealed, answered the husband's appeal, or filed a brief responding to the husband's arguments. For the reasons which follow, we reverse the judgment of the trial court.
In conjunction with a judgment of divorce rendered on November 14th, 1984, the wife was awarded custody of the minor child born of the marriage and the husband was ordered to pay child support in the amount of $325.00 per month. On August 8th, 1986 the wife filed a pleading entitled "Rule nisi for contempt, cumulation of past due child support, attorney's fees and to increase child support." Shortly thereafter the husband filed a motion for joint custody or, alternatively, increased visition, to reduce child support, and for attorney's fees and costs for defending the wife's cumulation and contempt rule. On October 8th, 1986 the wife amended her rule to delete the arrearage allegation and to set forth the new allegation that the husband agreed to pay her car note and failed to do so, causing her "to borrow money from relatives and to forego necessities in order to make the monthly payments." It was on this premise that the wife sought an increase in child support.
The parties appeared before the court on October 9th, 1986, at which time it was agreed that a mediator would be appointed for the purpose of resolving the custody issue. The support issue was continued *250 until November 20th, 1986, and the contempt rule was dismissed without hearing. When the parties appeared on November 20th, 1986 they informed the court that the custody issue was settled through mediation in favor of joint custody. The court thereafter took up the support issue and enunciated the following reasons for rendering judgment in the wife's favor.
"The Court has before it a rule to increase child support. And this Court does not look upon this case as one for increase child support, but one of a contract between these parties, in the purchase of an automobile. And this Court concludes that there is a contract that conforms between these parties, whereby Mr. Littleton is to pay this sum of a hundred and fifty ($150) dollars. In fact he made seven (7) payments and made the down payment of two thousand ($2,000) dollars. And I conclude that he's going to have to make these payments of a hundred and fifty ($150) dollars a month until the vehicle is paid off, even though he did sign a continuing guarantee. The Court feels that he obligated himself with Mrs. Littleton ..."
It is clear from the wording of the judgment and the supporting oral reasons that the court did not award an increase in child support but rather recognized and enforced what it considered to be a contract made between the parties sometime after the rendering of the divorce decree. Thus, the husband's contention that the award constitutes a modification of the support award without the requisite showing is misplaced. However, the husband's contention that the court erred in converting the support rule into an action in contract is well-founded in that serious due process issues are implicated.
Article I, Section 2 of the Louisiana Constitution of 1974 provides that no person shall be deprived of life, liberty or property, except by due process of law. The essential elements of "due process of law" are notice and an opportunity to be heard and to defend in an orderly proceeding rules and principles established in our system adapted to the nature of the case. Mongogna v. O'Dwyer, 204 La. 1030, 16 So.2d 829 (1943). See also Wilson v. City of New Orleans, 479 So.2d 891 (La.1985). The character of the action is fixed by the pleadings and, as noted above, the relief sought by the wife was a determination that an increase in child support was warranted, not whether an alleged contract between her and the husband should be recognized and enforced. In our view, the court adjudicated a matter not regularly before it and hence exceeded its authority. Pardue v. Livingston Parish School Board, 276 So.2d 901 (La.App. 1st Cir. 1973); Patrick v. Patrick, 227 So.2d 162 (La.App. 2nd Cir.1969) writ denied 255 La. 238, 230 So.2d 91.
La.C.C.P. art. 2592 prohibits the use of summary proceedings to decide the merits of cases, except in specific instances provided by law, one of which is the adjudication of support and custody issues. The issue of whether the parties had entered into a legally enforceable contract can only be accomplished in a suit via ordinaria where there is a petition (La.C.C.P. art. 421) and answer (La.C.C.P. art. 852) or default judgment (La.C.C.P. arts. 1701-1703, 1843) and a regular setting of the case for trial according to court rules with due notice of the setting to the parties (C.C.P. art. 1571(1)). See Pardue, supra and Patrick, supra.
A trial judge possesses the authority to render a final judgment granting the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings. La.C.C.P. art. 862. However, nothing in the article is intended to confer jurisdiction on a court to decide a controversy which the parties have not regularly brought before it. Pardue, supra; Patrick, supra. Conversion of a support rule into a contract action at the conclusion of the case is not a proper method to determine whether a legally enforceable contract was entered into by the parties. The trial court should have simply dismissed the support rule, reserving unto the wife the right to prosecute the contract action according to established rules of ordinary procedure.
*251 The judgment of the trial court is reversed, at the cost of Mrs. Donna B. Littleton, the wife-appellee.
REVERSED.
NOTES
[1] The husband also contends he is entitled to attorney's fees as the prevailing party in the wife's rule to make past due child support executory. However, as discussed infra, the rule was dismissed at the wife's request prior to hearing. Accordingly, the husband was not required to defend the rule.