550 So.2d 1368 (1989)
STATE of Louisiana
v.
Kenny POSEY.
No. 89-CA-241.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1989.
Rehearing Denied November 17, 1989.
*1369 John M. Mamoulides, Dist. Atty., Dorothy Pendergast, Jim Weidner, Asst. Dist. Attys., Gretna, for plaintiff-appellee.
Graymond F. Martin, New Orleans, for Surety to defendant-appellant.
Before GRISBAUM, DUFRESNE and WICKER, JJ.
DUFRESNE, Judge.
Although the main action in this case is a criminal proceeding against the defendant, Kenny Posey, the matter on appeal is the trial court's judgment denying a Motion to Set Aside Judgment of Bond Forfeiture/Petition for Nullity. American Bankers Insurance Company of Florida (American Bankers) filed the motion/petition in its status as the surety on an appearance bond posted on behalf of the defendant. The motion/petition challenged a bond forfeiture judgment previously rendered by the court against the defendant, as principal on *1370 the appearance bond, and against American Bankers, as surety.
The trial court's August 31, 1988 bond forfeiture judgment is not directly appealed. Rather, American Bankers appeals the judgment denying its motion to set aside the bond forfeiture judgment and its petition to have that forfeiture judgment declared a nullity.
American Bankers urges three assignments of error on appeal:
1. The trial court erred by not ruling that the former agent's signing of the bond on April 6, 1988, was an act done in his personal capacity and not as agent for American Bankers Insurance Company.
2. The trial court erred in ruling that American Bankers Insurance Company remained bound and liable on the bond contract when the former agent's expressed limited power of attorney prohibited the agent from again binding the surety.
3. The trial court erred in denying surety's motion to set aside judgment of bond forfeiture and petition for nullity of judgment when the state failed to comply with the prerequisites of LSA-R.S. 15:85 and Louisiana Code of Criminal Procedure article 337 in order to obtain valid and enforceable judgment of bond forfeiture.

FACTS
The defendant, Kenny Posey, was charged with distribution of cocaine (LSA-R.S. 40:967) by bill of information filed on April 2, 1987. Posey appeared for arraignment on April 29, 1987, and pled not guilty. He was enlarged after a $15,000.00 commercial appearance bond was posted by American Bankers on May 26, 1987, through its local agent. The bond did not reflect the defendant's appearance date. When Posey failed to appear for his trial on October 1, 1987, the trial court issued an attachment for him and, on motion of the district attorney, ordered the appearance bond forfeited. The trial court signed the bond forfeiture judgment on October 15, 1987; and the Clerk of Court mailed copies of the judgment to Posey and American Bankers on November 12, 1987. Posey appeared in court on April 6, 1988. The trial court recalled the attachment issued for the defendant and vacated the October 15, 1987 bond forfeiture judgment. At the time of the defendant's appearance on April 6, 1988, American Bankers' local agent again placed his signature on the appearance bond. On August 15, 1988, Posey once more failed to appear for trial. The court issued an attachment for Posey and, on the district attorney's motion, ordered forfeiture of the appearance bond. The bond forfeiture judgment was signed by the court on August 31, 1988, and copies of the judgment were mailed to Posey and American Bankers on September 28, 1988. To date, Posey has not appeared for trial. On December 28, 1988, American Bankers filed a motion/petition to set aside the August 31, 1988 bond forfeiture judgment or have it declared null. The court heard the motion/petition on March 1, 1989, and denied it, signing a judgment of denial on March 28, 1989.
ARGUMENT
In assignments of error One and Two, American Bankers argues that its surety obligations under the May 26, 1987 appearance bond were merged into the October 15, 1987 bond forfeiture judgment, thereby terminating the appearance bond and extinguishing any obligations which American Bankers had under the bond. American Bankers then argues that its local agent was without authority to re-bind American Bankers as a surety at the time the October 15, 1987 forfeiture judgment was set aside on April 6, 1988.
In State v. Wheeler, 508 So.2d 1384 (La. 1987) the Louisiana Supreme Court specifically rejected the "merger/extinguishment of surety obligations" argument asserted by American Bankers in this appeal. The facts in Wheeler bear a strong similarity to the facts in this case. The defendant in *1371 Wheeler was enlarged after posting a commercial surety bond. When the defendant failed to make a scheduled court appearance, the trial court ordered the bond forfeited. Notice of the bond forfeiture was mailed to the commercial surety. Thereafter, the defendant appeared in court and the trial court set aside its earlier bond forfeiture judgment. When the defendant again failed to appear in court as scheduled, the trial court ordered forfeiture of the bond. The commercial surety was notified of the forfeiture and filed a Motion to Set Aside Judgment of Bond Forfeiture and Petition for Nullity of Judgment, which was denied by the trial court. Relying on the same line of jurisprudence cited by American Bankers in this appeal, the commercial surety in Wheeler argued that the appearance bond merged into the original forfeiture judgment, which when set aside by the court extinguished the surety's obligations under the bond contract. The Louisiana Supreme Court rejected this argument and ruled: "We conclude, rather than extinguishing the surety's obligations on the contract, the setting aside of the bond forfeiture judgment placed the surety and the defendant in the position they occupied before the bond was forfeited." 508 So.2d at 1386. In similar fashion, the Wheeler court rejected the commercial surety's contention that the setting aside of the bond forfeiture judgment resulted in the creation of a new bond agreement or an extension of the terms of the original agreement or remission of the debt under the bond contract. Id. at 1386-1387. American Bankers now urges this court to accept the same arguments as those specifically rejected by the Louisiana Supreme Court in Wheeler.
When the defendant, Kenny Posey, appeared in court on April 6, 1988, the trial court set aside the October 15, 1987 bond forfeiture judgment. The fact that American Banker's agent placed his signature on the bond at the time of Posey's April 6, 1988 appearance is irrelevant. The setting aside of the forfeiture judgment had the legal effect of reinstating the original appearance bond, without any modification of the obligations of the parties under that bond. State v. Wheeler, supra.
These two specifications of error are without merit.
In Assignment of Error Number Three American Bankers contends that the bond forfeiture judgment should have been set aside because the surety did not receive notice that the defendant was required to appear in court on August 15, 1988, and because a proper bond forfeiture hearing was not held by the trial court. In support of its contention, American Bankers refers to LSA-R.S. 15:85A(1) and La.C.Cr.P. art. 337 which provide:
LSA-R.S. 15:85 A(1)
If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence, including notice to the defendant and the surety or an agent or bondsman of the surety, if such is required by Code of Criminal Procedure Art. 337, shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof. After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture, which shall include the power of attorney number used to execute the bond, to the surety on the bond whose address is on the face thereof and shall execute an affidavit of the mailing and place it in the record. A copy of the notice also shall be mailed to the agent or bondsman of the surety who posted the bond. Failure to mail the proper notice within six months after the entry of the forfeiture shall release the surety from all obligations under the bond.
La.C.Cr.P. art. 337
When a bail bond does not fix the appearance date, and the presence is required of a person who has been released *1372 on bail in a felony case, his surety or an agent or bondsman of the surety shall be given written notice of the time, date, or place the principal is required to appear. The notice shall be delivered to the surety or an agent or bondsman of the surety by an officer designated by the court, at least two days prior to the day set for the appearance, or may be mailed to the surety at least three days prior to the date set for the appearance.
This assignment of error presents for this court's determination a matter of first impression under the Louisiana bond forfeiture law.
The law relating to commercial sureties on bonds for criminal defendants is set forth in La.C.Cr.P. arts. 323-343 and LSA-R.S. 15:81-15:89. In particular, LSA-R.S. 15:85 covers the procedure for a commercial bond forfeiture in a district court. LSA-R.S. 15:85 A(2) provides as follows:
If within twenty-four hours after the rendition, under the provisions of this Section, of any judgment forfeiting any appearance bond, the judgment has not been paid, the district attorney shall cause the judgment to be recorded, and may, at any time, cause it to be recorded in every parish in which he thinks the recordation proper, and every such recordation shall be without cost and shall operate as a judicial mortgage against both the principal and his sureties. If the judgment has not been paid within sixty days of mailing of proper notice herunder, the district attorney shall cause to issue a fieri facias against both the principal and his sureties. The sixty-day period herein constitutes an appeal delay and failure to assert a defense to the forfeiture and collection of the bond within this period waives any defense to the forfeiture and collection of the bond as set forth in this Section. The provisions of this Paragraph shall not be construed to adversely affect any rights granted in Paragraph (3) of this Subsection, or R.S. 15:87. [emphasis supplied].
Act No. 923 of the 1987 Regular Session of the Louisiana Legislature amended LSA-R.S. 15:85A(2) to add the last two sentences of the statute, as quoted above, dealing with the sixty-day appeal period (emphasized above) and the preservation of rights under LSA-R.S. 15:85 A(3) and 15:87. This amended version of LSA-R.S. 15:85 A(2) became effective on September 8, 1987.
The issue to be resolved here is what effect, if any, the sixty-day appeal period established by LSA-R.S. 15:85 A(2) has on a nullity action under La.C.C.P. arts. 2001, et seq.
Specifically, does one waive the right to assert a claim that a bond forfeiture judgment is null if that nullity claim is not made within the sixty-day appeal period?
American Bankers filed its Motion to Set Aside Judgment of Bond Forfeiture/Petition for Nullity of Judgment on December 28, 1988, some ninety-one days after notice of the judgment was mailed to American Bankers by the Clerk of Court. In its motion/petition, American Bankers alleges, among other things, that the state failed to produce any evidence that the surety was served with notice of the defendant's August 15, 1988 court appearance date. The record reveals that the state issued subpoenas to Posey and American Bankers Insurance Co. at its agent, Steve Kintz's address in Gretna. No other service was made on the surety for the August 15, 1988 appearance date. The trial judge denied American Bankers' motion/petition without assigning written reasons.
Bond forfeitures are not favored and before a bond forfeiture judgment may be entered, the state must comply strictly with the provisions of LSA-R.S. 15:85 and La.C.Cr.P. art. 337. State v. Salgologo, 491 So.2d 361 (La.1986); State v. Hathaway, 403 So.2d 737 (La.1981); State v. Robinson, 504 So.2d 1160 (La.App. 5th Cir. 1987). Since the surety bond in this case does not fix the defendant's appearance date, La.C.Cr.P. art. 337 mandates that *1373 American Bankers be served with notice of the appearance date before entry of forfeiture judgment. Further, service of that notice must be effected on the surety, itself, and not on an agent or bondsman of the surety. Salgologo, supra; Robinson, supra. The record in this case does not reflect any such service of notice on the surety.
In State v. Overton, 504 So.2d 1098 (La. App. 5th Cir.1987), this court reversed bond forfeiture judgments in consolidated cases where the surety had not been properly served with notices of appearance under La.C.Cr.P. art. 337. The surety in Overton had filed a motion to set aside judgment of bond forfeiture/petition for nullity of judgment in each of the consolidated cases. The trial court denied these motions/petitions, which were similar to the motion/petition filed by American Bankers in this case. Although Overton was decided prior to the effective date of the amendment adding the sixty-day appeal period to LSA-R.S. 15:85 A(2), the decision is important in two respects for the resolution of this appeal. First, Overton establishes for procedural purposes that a motion/petition of the type filed with the district court by American Bankers in this case is sufficient to institute a nullity action under La.C.C.P. arts. 2001, et seq. Secondly, the decision characterizes the failure, under La.C.Cr.P. art. 337, to serve the surety with notice of the appearance date as a vice of form giving rise to a nullity action under La.C.C.P. art. 2002. Id. at 1099.
The amended portion of LSA-R.S. 15:85 A(2) now under consideration provides that the failure to assert a defense during the sixty-day appeal period established by the statute "waives any defense to the forfeiture and collection of the bond under this Section." Reasonably interpreted, this waiver of defense provision would not appear to include a waiver of the right to challenge a bond forfeiture judgment by a nullity action.
The starting point for interpreting any statute is the language of the statute itself. Courts have the duty to interpret the laws as legislated and, where possible, to honor the clear meaning of the statute as revealed by its language, purpose and history. Zeringue v. State, Dept. of Public Safety, 467 So.2d 1358 (La.App. 5th Cir.1985). The pertinent language of LSA-R.S. 15:85 A(2) is clear and unambiguous. The waiver referred to in the statute applies to "any defense" against the bond forfeiture. A nullity action under La.C. C.P. art. 2001 et seq. is not a defense.
The articles on nullity actions are found in the ordinary proceedings section of the Code of Civil Procedure in the chapter covering modification of judgments in the trial court. La.C.C.P., Book II (Ordinary Proceedings), Title VI (Judgments), Chapter 4 (Modification in Trial Court), Section 3 (Action of Nullity). A nullity action is a separate means by which to challenge the validity of a judgment. An action for nullity is not a substitute for a defense on the merits or for a timely appeal. Southern Wheel and R. Serv., Inc. v. Champion M.W., Inc., 283 So.2d 328 (La.App. 4th Cir. 1973). Quoting language from an earlier decision, the court in Golden v. Slack, 524 So.2d 175 at 178 (La.App. 4th Cir.1988) commented on the nature of the nullity articles:
"The grounds for an action of nullity are contained in C.C.P. art. 2001 et seq. and are exclusive. (citation omitted). Therefore the facts alleged in the petition... must show entitlement to annulment based solely on these grounds ..."
A judgment may be null due to a vice of form (La.C.C.P. art. 2002) or a vice of substance (La.C.C.P. art. 2004). A judgment subject to a vice of substance, such as fraud or ill practice, is relatively null. The nullity claim must be asserted, within the prescribed time, in a direct action and may not be raised collaterally. Nethken v. Nethken, 307 So.2d 563 (La.1975). However, a judgment that is defective due to a vice of form, such as lack of proper service, is absolutely null. That nullity claim may *1374 be asserted at any time and in any proceeding, including a pending action, because such a judgment is absolutely null. Nethken v. Nethken, supra. LeGlue Buick Inc. v. Smith, 390 So.2d 262 (La.App. 3rd Cir. 1980). Considering the foregoing analysis of the nature and scope of the nullity action, the waiver of defense provision of LSA-R.S. 15:85 A(2) is reasonably interpreted as not including a waiver of the right to assert a nullity action against a bond forfeiture judgment. An interpretation of LSA-R.S. 15:85 A(2)'s waiver of defense clause as extending to nullity actions would result in a serious conflict between the bond forfeiture statute and the codal articles on the nullity action because the delays established for initiating a nullity action under the code articles would be effectively negated by the sixty-day appeal period established by LSA-R.S. 15:85 A(2). Moreover, such an expansive interpretation of this waiver of defense clause may well result in a due process violation because of the severe curtailment of one's right to assert a nullity claim. La. Const., Art. 1, Sec. 2. See also Littleton v. Littleton, 514 So.2d 248 (La.App. 5th Cir.1987). Accordingly, the waiver of defense clause contained in LSA-R.S. 15:85 A(2) did not govern American Bankers' right to assert a claim under La.C.C.P. art. 2002, that the bond forfeiture judgment was null.
A review of the allegations made in American Bankers' motion/petition reflects sufficient allegations to state a nullity claim based on vice of form (lack of proper service) La.C.C.P. art. 2002(2). The State's service of notice of the appearance date on the surety's agent does not comply with the mandate of C.Cr.P. art. 337. Because the State failed to send proper notice to American Bankers, the judgments of forfeiture are null.
Accordingly, for the foregoing reasons, the judgments of the trial court are reversed and the judgment of bond forfeiture is annulled.
REVERSED AND RENDERED.