609 So.2d 852 (1992)
STATE of Louisiana
v.
Irene BIBBINS.
No. 91-KA-2524.
Court of Appeal of Louisiana, Fourth Circuit.
October 29, 1992.
Rehearing Denied December 16, 1992.
*853 Graymond F. Martin, Smith-Martin, New Orleans, for appellant.
Harry F. Connick, Dist. Atty., Val M. Solino, Asst. Dist. Atty., New Orleans, for appellee.
Before CIACCIO, WARD and ARMSTRONG, JJ.
CIACCIO, Judge.
The surety, Certified Lloyds's Insurance Company, appeals the trial court's refusal to set aside a judgment of bond forfeiture. For the following reasons, we affirm.
The record reveals the following factual situation: The defendant, Irene Bibbins was charged on April 4, 1989 with one count of attempted theft, and bond was set at $3,000.00. On April 5, 1989 defendant filed a recognizance bond in the amount of $3,000.00 through the Cintap Program as surety. Defendant failed to appear for her arraignment which was set for April 13, 1989, and the court set a bond forfeiture hearing for April 21, 1989. On this date, the court forfeited the recognizance bond and issued an alias capias for the arrest of defendant.
On May 10, 1989, Certified Lloyds filed a surety bond in the amount of $5,000.00 on behalf of defendant. On May 22, defendant appeared for arraignment, and trial was set for June 30, 1989. Defendant failed to appear for trial and the court set a bond forfeiture hearing for July 19, 1989. Defendant failed to appear at this hearing and the court issued an alias capias and a judgment of bond forfeiture.
However, the bond which the court forfeited on this date was the recognizance bond dated March 3, 1989. On July 24, 1989 notice of the bond forfeiture was sent to defendant, Irene Bibbins. Certified Lloyds Plan was not named as surety in the judgment dated July 19, 1989 and was not notified of the forfeiture.
The record indicates that on July 12, 1990, the court, after noting that the wrong bond had been forfeited, ordered that the alias capias remain in effect, and set another bond forfeiture hearing for August 3, 1990.
Defendant failed to appear on August 3, 1990, and the State moved to forfeit defendant's bond. The court signed a judgment of bond forfeiture against defendant naming Certified Lloyds as surety. On October 30, 1990, notice of the bond forfeiture was mailed to the surety.
On May 14, 1991, the surety filed a pleading styled "Motion to Set Aside Judgment of Bond Forfeiture/Petition for Nullity of Judgment." Following a hearing on June 20, 1991, the court denied the surety's motion. It is from this judgment that the surety appeals.
The surety attacks the validity of the judgment of bond forfeiture arguing that it was not rendered "forthwith" following defendant's failure to appear as required by LSA-R.S. 15:85(A)(1). Further, appellant argues that the trial court erred in forfeiting the bond one year after the recognizance bond was mistakenly forfeited. However, we need not reach the merits of these arguments because we find that these defenses have been perempted.
On appeal, the State raises the procedural objection that the surety's defenses to the bond forfeiture are untimely based on the provisions of LSA-R.S. 15:85(A)(2). However, the State failed to file a peremptory exception of prescription at the trial level or in this Court, and therefore the State's argument of prescription raised in brief cannot be considered on appeal. La. C.C.P. art. 927.
Nevertheless, we find that the statute cited by the appellee is governed by the laws of peremption rather than prescription, and such a plea may be supplied by the court on its own motion at any time *854 prior to final judgment. La.Civil Code article 3460.
LSA-R.S. 15:85(A)(2)(a) provides in part:
If within twenty-four hours after the rendition, under the provisions of this Section, of any judgment forfeiting any appearance bond, the judgment has not been paid, the district attorney shall cause the judgment to be recorded, and may, at any time, cause it to be recorded in every parish in which he thinks the recordation proper, and every such recordation shall be without cost and shall operate as a judicial mortgage against both the principal and his sureties. If the judgment has not been paid within sixty days of mailing of proper notice hereunder, the district attorney shall cause to issue a fieri facias against both the principal and his sureties. The sixty day period herein constitutes an appeal delay and failure to assert a defense to the forfeiture and collection of the bond within this period waives any defense to the forfeiture and collection of the bond as set forth in this Section. (Emphasis added.)
This statute creates a specific right in favor of the principal and surety in the case of a bond forfeiture. The statute provides a sixty day suspensive appeal period to assert a defense to the forfeiture without the requirement for posting of an appeal bond by the surety. After the expiration of the sixty day period, the right to raise a defense or otherwise attack the validity of the bond forfeiture is extinguished. We construe this statute to be one of peremption rather than prescription as the effect of the running of the sixty day period is the extinguishment of the right. La.C.C. art. 3458.
See, Preferred Inv. Corp. v. Neucere, 592 So.2d 889 (La.App. 4th Cir.1991), writ denied, 597 So.2d 1028 (La.1992).
In the present case, the judgment of bond forfeiture was signed by the trial court on August 3, 1990. Notice was mailed to the surety on October 30, 1990, and there is no contention that notice was not received. The surety filed a motion to set aside the judgment of bond forfeiture/petition for nullity on May 14, 1991, more than 180 days after notice of the judgment was mailed.
Although the surety styled this action as a petition for nullity, the Louisiana Criminal Code contains no provision for such a petition. Rather, the law requires the surety to assert a defense to the forfeiture of a bond within sixty days of the mailing of proper notice of the rendition of judgment. In this case, the defense was not asserted by the surety until May 14, 1991. This action was not brought within sixty days from the date notice was mailed, October 30, 1990.
Accordingly, any challenge or defense the surety may have had to the judgment of bond forfeiture had perempted before the filing of its pleading in the trial court, and this court, on its own motion, may dismiss the perempted claim. La.C.C. art. 3460. For the reasons stated herein, we find that the defense asserted by the surety in its pleading styled "Motion to Set Aside Judgment of Bond Forfeiture/Petition for Nullity" has been perempted. We therefore affirm the judgment of the trial court denying the surety's motion to set aside the bond forfeiture. All costs of this appeal are assessed against appellant.
AFFIRMED.

ON REHEARING
PER CURIAM.
In its application for rehearing, appellant contends that our decision rendered on October 29, 1992 in this case "fails to recognize the distinction between defenses, appeals and actions in nullity." This rehearing is granted for the sole purpose of clarifying our opinion on this issue.
LSA-R.S. 15:85(A)(2)(a) requires the surety to assert a "defense" to a bond forfeiture within sixty days of the mailing of proper notice of the judgment.
In the present case, appellant attacks the judgment of bond forfeiture on the basis that it was not rendered "forthwith" following defendant's failure to appear as required *855 by LSA-R.S. 15:85(A)(1), and that the trial court erred in forfeiting the bond one year after a recognizance bond was mistakenly forfeited.
This case is distinguishable from those cited by appellant in its application in which the bond forfeiture judgment was an absolute nullity because the judgment was subject to a vice of form listed in Code of Civil Procedure article 2002. The failure to properly serve a defendant, his surety, or the surety's agent or bondsman in a criminal proceeding with process, as required by law, is a vice of form upon which a judgment can be nullified. State v. Likens, 577 So.2d 285 (La.App.3rd Cir.1991). See also, State v. Posey, 550 So.2d 1368 (La.App.5th Cir.1989); State v. Overton, 504 So.2d 1098 (La.App.5th Cir.1987); State v. Bailey, 567 So.2d 721 (La.App.2nd Cir.1990).
We find that the challenges to the judgment of bond forfeiture in this case, although styled as a petition for nullity, are not allegations of vices of form or substance and do not render the judgment absolutely null. Rather, plaintiff's allegations constitute defenses within the meaning of LSA-R.S. 15:85(A)(2)(a), and therefore must be brought within the sixty day peremptive period.
Notwithstanding this clarification, we adhere to our original holding.