CANNELLA, Judge.
Defendant, David Joseph Champagne, appeals from the district court judgment ordering that his community home be sold at sheriffs sale. For the following reasons, we vacate the judgment and remand.
The parties were married in 1968 and four children were born of the marriage. The parties were separated by judgment dated December 31, 1986 and divorced by judgment dated June 19,1987. On June 18,1990, plaintiff, Cynthia Caillet Champagne, filed a Petition for Settlement of Community. Trial on the merits was set for October 29, 1992. Before trial the parties settled and compromised their differences and entered a stipulation on the record. On February 16, 1993 a judgment was signed by the trial judge in conformity with the parties’ stipulations. That judgment provided, in pertinent part:
IT IS ORDERED, ADJUDGED AND DECREED that David Joseph Champagne will remain in the former matrimonial domicile located at 428 River Oaks Drive, Luling, Louisiana for the duration of the 1992-1993 school year with the minor child, Cami Champagne. While said David Joseph Champagne resides in said premises, he is allowed to make necessary repairs to the premises with the appropriate consultation with Cynthia Caillet Champagne. It is specifically agreed by and between the parties that the roof on said premised will be repaired.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, effective April 1, 1993, the house will have a “For Sale By Owner” sign in the front yard and will be made available to be shown to prospective purchasers by said David Joseph Champagne. In the event that no bonafide offer of at least $100,000.00 is received by the parties by April 30, 1993, the house is to be listed with Syl Caillet, Jr. of Dynamic Realty for an asking price of $115,000.00. The parties agree to and are ordered to sign said listing agreement and do agree to sign any purchase agreement where the net sales price to them (after real estate commission) is at least $100,000.00. The parties are free to mutually agree to decrease the asking price if no bonafide offers are forthcoming with three months of the listing agreement. From the sale of the house, each party sill be reimbursed for documented insurance expenses on the house and for documented repairs to the house.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the par *1205 ties hereto waive any and all other accounting for any and all community assets or liabilities, the community being settled in full by virtue of the stipulation dictated into the record on October 29, 1992 and reduced to Judgment by virtue of this Judgment.
On May 6, 1998 plaintiff filed a Rule for Contempt, alleging that defendant had not made the necessary house repairs and that he refused to sign the listing agreement, both as required by the judgment of February 16, 1993. She requested that the court find defendant in contempt and order him to vacate the residence so that plaintiff could have the repairs made and the house prepared properly for sale. She also requested attorney’s fees.
The hearing on the Rule for Contempt was held on July 2, 1993. Initially, defendant’s counsel argued that the rule was moot because defendant had signed the listing agreement and house repairs were underway. Plaintiff was called and sworn. The court ordered that the house be sold at sheriffs sale. Next, plaintiff testified that defendant had signed the listing agreement and had repaired the roof, although it was in two different colors. Counsel for defendant then requested a continuance of the rule which the court granted. The hearing was concluded. A judgment ordering the sheriffs sale was signed on July 16, 1993. It is from this judgment that defendant now appeals.
Defendant argues that the judgment is invalid because it went beyond the court’s authority. More particularly, defendant argues that the question of partition by sheriffs sale was not before the court in the Rule for Contempt and thus the judgment ordering the sale was improper.[1] Plaintiff argues, in support of the judgment, that it was within the court’s authority to order the sheriffs sale as a continuation of the partition action.
The past actions of the parties bear repeating. Previously, plaintiff brought an action to partition the community property. The parties reached an agreement concerning the partition, entered a stipulation on the record to that agreement, signed and submitted a judgment to the court in conformity with that stipulation, which became a judgment in this case. That judgment did not provide for a sheriffs sale of the community home. Rather, it provided a detailed plan to sell the property by private sale. That judgment was a final judgment in the partition action. Thereafter, plaintiff filed a Rule for Contempt, alleging that defendant was not complying with the judgment. Upon adequate proof, the trial court was at liberty to find defendant in contempt, or not, and to enforce the judgment. However, before receiving any evidence and before the hearing was conducted (it was continued), the trial court ordered that the house be sold at sheriffs sale. Plaintiffs argument that the judgment ordering the sheriffs sale was within the trial court’s authority, under La.R.S. 9:2801, as a continuation of the partition action, is not persuasive.
La.R.S. 9:2801, concerning the procedures for partitioning community property, by its very terms only applies “[w]hen the spouses are unable to agree on a partition of community property or on the settlement of the claims between the spouses arising from the matrimonial regime.... ” In this case, the parties did in fact settle their differences and entered a stipulation in accordance with that settlement. Thus, La.R.S. 9:2801 is not applicable at this juncture.
The parties, in fact, reached an agreement concerning the disposition of the community home, evidenced by the February 16, 1993 judgment. When defendant did not comply with that judgment, plaintiff properly filed a Rule for Contempt. Whether defendant was in contempt of that judgment was the only matter before the court. The request for a partition of the property by sheriffs sale was not before the court and defendant had no *1206 notice of such a claim for which to prepare a defense.
In Sierra Club v. Dept. of Wildlife, 557 So.2d 418 (La.App. 4th Cir.1990), the court reversed a judgment by the lower court which was beyond the scope of the pleadings, holding that the issues upon which the judgment was based were not properly before the court. In so holding the court cited with approval Patrick v. Patrick, 227 So.2d 162 (La.App. 2nd Cir.1969), writs denied, 255 La. 238, 230 So .2d 91 (La.1970) which held:
When the court adjudicated matters not regularly before it, it exceeded its authority. Due process requires adequate notice to the parties of the matter which will be adjudicated.
Likewise, we find that the ruling by the trial court, ordering the sheriffs sale of the property on plaintiffs Rule for Contempt, was beyond the scope of the pleadings and the evidence and gave defendant no notice of the matters which were adjudicated or opportunity to defend against them. Consequently, the ruling must be vacated and set aside.
Accordingly, for the reasons stated above, we vacate the judgment of the trial court, ordering the community home to be sold at sheriffs sale, and remand the case for further proceedings.

VACATED AND REMANDED.

. Defendant also filed in this court an exception of res judicata. He did not file a brief in support of the exception. However, his contention seems to be that the July 16, 1993 judgment was pre-eluded by the res judicata effect of the February 16, 1993 judgment. Because of our decision herein, we deny this exception as moot.