11 DALEY, J.,
DISSENTS WITH REASONS:
I respectfully dissent from the majority’s dismissal of this appeal. I would maintain the appeal and reverse the judgment.
Under Art. 1841. Judgments, interlocutory and final:
A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
A judgment that determines the merits in whole or in part is a final judgment.
LSA-C.C.P. art.2083 states that an appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury. I find that this judgment, whether considered final or interlocutory, causes irreparable harm to Mr. Price, and therefore I would maintain the appeal.[1]
*864 The partition judgment contains a mechanism whereby the parties can obtain “any additional information ... needed to transfer title to any of the properties transferred herein.” According to the judgment, each party shall call upon the other to do so in writing, whereupon the other party shall immediately execute such additional documentation, or be subject to a finding of contempt for failure to_[¿do so. It does not appear from the record that Mrs. Price followed these necessary steps to obtain the additional information she alleges was necessary to implement this judgment.
The relief granted by the trial court was not the relief requested in the Motion, which would have been to order Mr. Price to answer the interrogatories. Instead, the court ordered him to prepare settlement documents, at his cost, that the partition judgment ordered Mrs. Price to prepare at her cost. In this respect, the judgment modified the Partition Judgment, which was not the requested relief. Further, the judgment ordered Mr. Price to cancel two mortgages. The final partition judgment ordered Mr. Price to assume liability for the two judgments underlying these judicial mortgages; it did not, however, order him to cancel these mortgages. A request for this relief was not before the court on the Motion to Compel and the trial court was without authority to order this relief in this posture. See Littleton v. Littleton, 514 So.2d 248 (La.App. 5 Cir.1987). Accordingly, I would reverse the judgment on the Motion to Compel in its entirety, and remand for further proceedings.

. Normally, a judgment on a Motion to Compel determines preliminary matters. In this case, however, the Motion to Compel was filed and heard after the final judgment. In this highly irregular procedural posture, it cannot be said that it was filed to determine a preliminary matter. According to the mover, Mrs. Price, in her appellate brief, it was filed to obtain information needed to implement a final judgment. The motion itself, however, *864 simply alleges that these interrogatories went unanswered and does not specify that this information is needed to implement the final judgment.